Thomas Ivan **GREEN**, Appellant
(Defendant Below),

v.

**STATE of Indiana, Appellee**
(Plaintiff Below).

No. 02S00–0011–CR–707.

Supreme Court of Indiana.

Oct. 16, 2001.

Mark Olivero, Fort Wayne, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Joseph A. Samreta, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SHEPARD, Chief Justice.

Appellant Thomas Ivan Green was convicted and sentenced for murdering Mark Douglas. In this direct appeal, Green challenges the sufficiency of the evidence and a trial court ruling on his effort to challenge the credibility of the leading eyewitness. We affirm.

**Facts and Procedural History**

On September 5, 1999, Malinda Ezell and Mark Douglas spent the day together driving around in Douglas' car and drink-

ing alcohol. From the car, Ezell saw her boyfriend, Green, standing near an alley. She told Douglas "to keep on driving because he's going to shoot you." (R. at 291.)

Douglas drove off and then parked in a lot to use a nearby pay telephone. While waiting in the car alone, Ezell again saw Green. Green walked to the car and told Ezell to get out of the vehicle. As Ezell exited the vehicle, she kicked off her sandals and stood with the car door open. Green pulled a gun out of the front of his pants and fired the gun towards Ezell. The bullet grazed her.

Ezell ran away when Green bent down to pick up the clip that fell out of the gun. She entered a nearby house and stood at a window where she saw Green shoot Douglas several times. When Ezell saw Green approach the house where she hid, she left the house and headed toward the field where police gathered around Douglas' body.

Ezell spoke to two officers indicating that she saw Green shoot Douglas and that Green had tried to shoot her, too. When questioned, Ezell denied having knowledge about Douglas' car or the shoes found inside it. She later told the police that she had been in the car before the shooting and that the shoes were hers.

Douglas died from gunshot wounds to the head and chest.

The State charged Green with murdering Douglas, and the jury found him guilty of doing so. Green was also charged with the attempted murder of "Mark Douglas and/or Malinda Ezell." (R. at 13.) The jury instruction regarding this charge also listed the target of the murder attempt as "Mark Douglas and/or Malinda Ezell." (R. at 86.) The jury found Green guilty of attempted murder.

At sentencing, Green's counsel argued that the jury might have considered the attempt charge only as to Douglas and that the attempt should merge with the murder conviction. The trial court agreed and merged the convictions. It sentenced Green to fifty-five years for murder.

## I. Sufficiency of the Evidence

Green first argues that the State's evidence was insufficient to convict him of murder and attempted murder. (Appellant's Br. at 13.) In light of the trial court's decision about merger, we see no need to examine the evidence on attempt.

Green complains that the State's case was based primarily on the testimony of Ezell who "lied repeatedly to police when questioned at the scene of the shooting." (*Id.* at 15.) He calls her testimony "inherently unreliable." (*Id.* at 16.) We disagree.

When reviewing a sufficiency of the evidence claim, we consider only the evidence most favorable to the judgment and all reasonable inferences to be drawn from that evidence. *Wright v. State,* 690 N.E.2d 1098 (Ind.1997). We neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* We will affirm a conviction upon finding substantial evidence of probative value from which the jury could find the defendant guilty beyond a reasonable doubt. *Harris v. State,* 480 N.E.2d 932 (Ind.1985).

To convict Green of murder as charged, the State must have proven beyond a reasonable doubt that he knowingly or intentionally killed Douglas. Ind.Code Ann. § 35–42–1–1(1) (West 1998). The testimony of a single eyewitness to a crime is sufficient to sustain a murder conviction. *See, e.g., Hood v. State,* 561 N.E.2d 494 (Ind.1990).

Ezell testified at trial that Douglas parked his car in order to place a call at a

phone booth. While Ezell waited at the car, Green shot a gun in her direction causing the bullet to graze her face. She also testified that she ran and hid in a nearby home where, from a window, she watched Green shoot Douglas several times.

Ezell had previously made certain statements inconsistent with her trial testimony, but said nothing to demonstrate her testimony was inherently unreliable. Her inconsistent statements concerned her association with the victim and not the essential elements of the crime. Moreover, her trial testimony was corroborated by testimony of police officers who spoke to Ezell at the crime scene, (R. at 259–60, 305, 443), telephone records for the phone booth, (R. at 353–54, State's Exh. 3), and the physician's report regarding the examination of Douglas' wounds, (R. at 474, State's Exh. 35).

The jury was fully aware of Ezell's inconsistencies and that she was offered a probation recommendation for a dealing cocaine charge. It was well within the province of the jury to believe her. We conclude that the State presented substantial evidence of probative value from which the jury could determine Green was guilty beyond a reasonable doubt.

## II. Challenging Ezell's Credibility

Green next argues that the court erred in denying his trial counsel an opportunity to cross-examine Ezell about her truthfulness. (Appellant's Br. at 17.)

■ Green's counsel sought to examine Ezell's truthfulness by saying, "Now Malinda, your mother believes that you're a stone cold liar." (*Id.*, R. at 323.) The State objected to this statement. The court sustained the objection and directed the jury to disregard it.

Green relies on Ind. Evidence Rules 607 and 608 to support his claimed error. Rule 607 allows Green to attack the credibility of Ezell,[1] and Rule 608(a) permits presenting opinion or reputation evidence to refer to character for truthfulness. This argument overlooks the fact that Green's lawyer did not pose an answerable question to the witness. Instead, the statement was an assertion of fact, and the trial court appropriately declined to permit Green's lawyer to testify in the guise of asking questions.

Evidence Rule 608(a) states, "The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but ... may refer only to character for truthfulness...." As Judge Surbeck correctly noted, proper assault on Ezell's truthfulness through opinion or reputation evidence required that Green call a *witness* (for example, Ezell's mother) to provide such testimony. Green's counsel could not supply it himself. The court actually invited Green's counsel to call Ezell's mother to testify as to her opinion, which counsel chose not to do.[2]

Contrary to Green's assertion, he was not denied the opportunity to cross-examine Ezell. Both before and after the impermissible statement, Green's counsel questioned Ezell repeatedly about inconsistent statements.

1. Evidence Rule 607 states, "The credibility of a witness may be attacked by any party, including the party calling the witness."

2. Judge Surbek stated: "Now if you want to bring mother in here and say that she, in her opinion, she's not honest, she's not truthful, then according to [Rule 608], you can do that.... But the manner in which you did this is absolutely wrong. Not only is it wrong, I believe that it was done that way for the sole purpose of unduly prejudicing this witness." (R. at 328.)

The trial court correctly sustained the State's objection to counsel's declaration.

### Conclusion

We affirm the judgment of the trial court.

DICKSON, SULLIVAN, BOEHM, RUCKER, JJ., concur.