**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT

**MICHAEL R. FISHER**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana



FILED
Feb 03 2012, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

ROSLYN ADKINS,                          )
                                        )
    Appellant-Defendant,            )
                                        )
        vs.                      )   No. 49A02-1107-CR-626
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.             )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
The Honorable Stanley E. Kroh, Commissioner
Cause No. 49G03-1103-FC-11457

**February 3, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Roslyn Adkins was convicted of battering Kimberly Miller and Shalon Walker and received an aggregate sentence of six years. On appeal, Adkins argues that there is insufficient evidence that she battered Walker and that her sentence is inappropriate in light of the nature of the offenses and her character. We conclude that there is sufficient circumstantial evidence that Adkins battered Walker. In addition, given the unprovoked nature of the attack and Adkins's prior record of violent crimes, we conclude that her sentence is not inappropriate. Therefore, we affirm.

**Facts and Procedural History**

Adkins and Miller had a history of conflict because both claimed to be dating the same man. On December 9, 2010, Miller, Walker, and Annette Johnson went to a bar in Indianapolis. Adkins was there when they arrived, but Miller and Johnson saw her leave out the front door. Miller helped Johnson, who is blind, to get a drink and then led her to a table in the back room.

Adkins came back in through the back door and approached Miller from behind. Adkins pulled Miller's hair and hit her on the head. Miller felt a stinging sensation on her face and fell to the floor. Walker intervened, and the two "scuffl[ed]" for a moment before other patrons of the bar pushed Adkins out the door. Tr. at 70.

Miller was bleeding from a cut on her face, and Walker was bleeding from a cut on her arm. The women were taken to the hospital. Miller's injury was bound with a "sealing tape," and Walker got thirteen staples in her arm. *Id*. at 75. After they were treated, Miller

2

reported the incident to the police.

Adkins was charged with two counts of battery – one for each victim – enhanced to class C felonies for the use of a deadly weapon. Adkins waived her right to a jury trial and was tried to the bench on May 27, 2011.

Walker testified that while Adkins was attacking Miller, she saw Adkins holding something shiny and silver near Miller's neck. Walker stated that she intervened in the fight, but did not realize that she was injured until she and Adkins were separated and someone pointed out that she was bleeding. Walker still has a scar on her arm and had difficulty lifting objects over ten pounds with that arm.

Miller said that she did not see a weapon when Adkins attacked her, but knew she had to have something sharp because her face was cut. She saw something in Adkins's hand when she was fighting Walker, but she was unable to describe the object. By the time that Miller got off the floor and approached Walker, she noticed that Walker was bleeding. Miller still has a scar on her face that itches constantly. Miller testified that she had called the police about Walker on previous occasions.

Adkins testified that she approached Miller and Johnson's table to talk to Johnson, and Miller hit her with brass knuckles. She denied using a razor or knife and claimed that Miller had threatened her a few days before the incident.

The trial court noted that Miller and Walker both had previous convictions of crimes of dishonesty, but explicitly found that Miller was credible and that Walker's testimony supported Miller's. The court found that the victims were cut with a sharp object and noted

3

that there was no evidence of anyone else being involved in the fight. The court found that Adkins had knowingly battered both victims and entered a judgment of conviction on each count.

A sentencing hearing was held on June 21, 2011. As mitigating factors, the court found that Adkins was working on a mental health issue and that prolonged incarceration would cause hardship to a dependent child. As an aggravating factor, the court found that past attempts at rehabilitation had failed. Adkins was convicted in Michigan in 1992 of felony assault and in Indiana in 2005 of class A misdemeanor battery. Although the previous convictions are relatively remote in time, the court was concerned by the fact that they were both violent crimes similar to the instant case. The court also found that the nature and circumstances of the offenses were aggravating in that Adkins attacked Miller unprovoked and also injured Walker when she tried to intervene. The court imposed concurrent sentences of six years with two suspended. The conditions of probation included the requirement that Adkins get a mental health evaluation and complete an anger management course.

**Discussion and Decision**

Adkins does not challenge her conviction for battering Miller, but argues that there is insufficient evidence that she battered Walker. Adkins also argues that her sentence is inappropriate.

*I. Sufficiency of the Evidence*

Our standard of review is well settled:

When reviewing a sufficiency of the evidence claim, we consider only the evidence most favorable to the judgment and all reasonable inferences to be

4

drawn from that evidence. We neither reweigh the evidence nor judge the credibility of the witnesses. We will affirm a conviction upon finding substantial evidence of probative value from which the [trier of fact] could find the defendant guilty beyond a reasonable doubt.

*Green v. State*, 756 N.E.2d 496, 497 (Ind. 2001) (citations omitted).

Battery is committed when a person "knowingly or intentionally touches another person in a rude, insolent, or angry manner." Ind. Code § 35-42-2-1. It is a class C felony if it is committed by means of a deadly weapon. Ind. Code § 35-42-2-1(a)(3). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). Mens rea often must be proven by circumstantial evidence and can be inferred from the defendant's conduct. *Hightower v. State*, 866 N.E.2d 356, 368 (Ind. Ct. App. 2007), *trans. denied*. "A conviction may rest on circumstantial evidence." *Woods v. State*, 768 N.E.2d 1024, 1027 (Ind. Ct. App. 2002).

Adkins argues that there is no evidence as to how or when Walker was injured and that there is a possibility that Walker was injured after the fight. We find that there is sufficient circumstantial evidence that Adkins battered Walker. Walker saw Adkins holding a shiny, silver object when she was attacking Miller, and Miller sustained a cut to her face. Miller testified that she saw Adkins holding something in her hand while she was struggling with Walker. Miller noticed that Walker was bleeding by the time she got up from the floor and walked over to Walker. There was no evidence to suggest that anyone else was involved in the fight or possessed a sharp object. In sum, there is evidence that Adkins was wielding a sharp object when she was fighting with Walker, and Walker was found to have a cut on her

5

arm promptly after the fight with Adkins. This evidence permits an inference that Adkins knowingly battered Walker with a sharp object; therefore, we affirm the conviction.

## II. Appropriateness of Sentence

Adkins argues that her sentence is inappropriate based on the nature of the offenses and her character. Article 7, Section 6 of the Indiana Constitution authorizes this Court to independently review and revise a sentence imposed by the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. Indiana Appellate Rule 7(B) states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Purvis v. State*, 829 N.E.2d 572, 588 (Ind. Ct. App. 2005) (internal citations and quotations omitted), *trans. denied*, *cert. denied*. The defendant bears the burden of persuading us that the sentence is inappropriate. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

Adkins was convicted of two class C felonies. The advisory sentence for a class C felony is four years and the maximum is eight years. Ind. Code § 35-50-2-6. Thus, Adkins's aggregate six-year sentence is halfway between the advisory and maximum sentences.

As to the nature of her offenses, Adkins contends that the seriousness of her crimes is accounted for by the fact that they are classified as class C felonies. Adkins also asserts that

the victims had no long-term injuries; however, Miller testified that she still has a scar that constantly itches, and Walker testified that she has a scar and has difficulty lifting objects over ten pounds.  Also, the evidence indicates that Adkins attacked Miller unprovoked and also injured Walker when she tried to intervene.

As to her character, Adkins concedes that she has two prior convictions, but notes that the most recent one occurred seven years ago and her only other conviction occurred about twenty years ago.  When evaluating a defendant's criminal history, we consider the number of prior convictions, their gravity, their proximity to the present offense, and any similarity to the present offense.  *Richardson v. State*, 906 N.E.2d 241, 248 (Ind. Ct. App. 2009).  While we agree that Adkins's prior convictions are relatively remote in time, we also share the trial court's concern that her prior convictions are crimes of violence similar to the instant offenses.

Adkins notes that she is seeking help for mental health issues and is supporting a child; however, the trial court acknowledged those facts and found them to be mitigating factors.  Adkins argues that her sentence should be geared more toward rehabilitation; however, we note that the trial court suspended part of Adkins's sentence and required that she get a mental health evaluation and participate in an anger management course. Given the fact that Adkins has a record of violent crimes and that she attacked two victims without provocation, Adkins has not persuaded us that an aggregate sentence of six years is inappropriate.  Therefore, we affirm her sentence.

Affirmed.

MAY,J., and BROWN,J., concur