Martin **UPP, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3–384A69.**

Court of Appeals of Indiana,
Third District.

Feb. 6, 1985.

---

**7.** Thatcher-Holzmann did not allege error in the trial court's ruling on the contract's inadmissi- bility.

Mark A. Lienhoop, Newby, Lewis, Kaminski & Jones, La Porte, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

After a bench trial, at which he appeared *pro se*, Martin Upp was convicted of criminal recklessness, a Class D felony. IC 35-42-2-2(a)(2).[1] His motion to correct errors asserted *inter alia* insufficiency of the evidence to sustain the conviction and the court's failure prior to trial to properly advise him of his right to counsel.

The court determined that Upp had not been adequately advised of his right to counsel and granted a new trial. Upp's appeal acknowledges the propriety of that action but seeks our review of his contention that the evidence was insufficient. The state contends the appeal is moot.

■■■ Upp is correct. Pursuant to the Supreme Court's decision in *Burks v. United States* (1978), 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 if on review it were determined that the conviction should be set aside because of the insufficiency of the evidence, the constitutional provisions against double jeopardy would bar reprosecution of Upp. *Suits v. State* (1983), Ind. App., 451 N.E.2d 375. Logic requires that same analysis apply in a ruling by the trial court on Upp's motion to correct errors since the sufficiency of the evidence to sustain a conviction after a completed trial is similarly at issue. Nor is the issue mooted by the grant of a new trial on other grounds. The reason is that if Upp's contention concerning the insufficiency of the evidence is correct he would be entitled to different *relief* than that afforded under the other allegations of his motion. He would be entitled to be discharged. *Suits, supra.* We therefore consider the issue raised on appeal.

Upp asserts the evidence was insufficient to establish that the risk of bodily injury caused by his actions was "substantial." He also contends the evidence was inadequate to overcome his defenses of self defense and defense of property. *See* IC 35-41-3-2.[2]

1. "A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness, . . ., the offense is a: (2) Class D felony if it is committed while armed with a deadly weapon."

2. "(a) A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force. However, a person is justified in using deadly force only if he reasonably believes that that force is necessary to prevent serious bodily injury to himself or a third person or the commission of a forcible felony. No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting himself or his family by reasonable means necessary.

(b) A person is justified in using reasonable force, including deadly force, against another person if he reasonably believes that the force is necessary to prevent or terminate the other per-

■ Of course, the state has the burden of proving beyond a reasonable doubt upon the record as a whole that the defendant did not act in self defense, or in reasonable defense of his property. *See, e.g., Palmer v. State* (1981), Ind., 425 N.E.2d 640 (self defense); *Hanic v. State* (1980), Ind.App., 406 N.E.2d 335 (defense of property). On the other hand, our appellate review of the evidence concerning these asserted defenses is the same as with other insufficiency questions. We will consider the evidence favorable to the judgment to determine whether no reasonable fact finder could have determined guilt beyond a reasonable doubt. *Palmer, supra.*

Here the evidence disclosed that a one-sided flight occurred between Upp and Mark Humes outside a pizza restaurant on the evening of August 18, 1983. Humes was the apparent aggressor and resumed the fray after Upp returned to the street from picking up a pizza. The police were called to the scene and Humes' father took him home.

About a half hour later Upp was at his home when he saw Humes crossing Upp's back yard.[3] According to Upp, he yelled at Humes to "get the hell out" of his back yard. When Humes did not leave Upp fired his .22 Ruger semi-automatic pistol into the ground at his own feet. He did this once more and then began firing in front of Humes' feet. Then Humes ran off.

According to Humes' version he was crossing Upp's back yard when he heard gunshots and dirt came up from the ground and hit his pants leg. Humes realized Upp was shooting at him and ran behind a tree. He saw Upp with a gun in his hand shooting at him. Upp fired six or seven times coming within two to three feet of him.

The parties were in agreement that at the time of the shooting Humes said nothing to Upp, made no attempt to attack Upp, and made no attempt to break into Upp's house.

The police were called and when they arrived Upp denied knowing where the gun was. The officer noticed the smell of alcohol on Upp's breath and that his eyes were dilated. Upp's speech was deliberate but choppy. While talking to the officer Upp had his arms down at his side with his fists clenched and his arms were trembling. He again denied having a gun after the officer's pat down search revealed two boxes of .22 caliber ammunition.

Another officer then searched an area of woods from which Upp had emerged upon the arrival of the police. She found his pistol containing nine live rounds of ammunition and a small plastic bag that contained a quantity of airplane glue, a partially empty tube and one full tube.

■ Upp now contends the evidence was insufficient to establish a *substantial* risk of bodily injury since he was apparently not trying to hit Humes with his shots. Assuming *arguendo* that this was so, the evidence still sustained the conviction. The shots were admittedly directed close to Humes. As such, had Upp missed his aim or had a bullet struck a stone and ricocheted, there was a substantial risk that Humes would have been hit. Upp's conduct fulfilled all the requirements of the statute.

Moreover, the evidence was sufficient to negate his claim of self defense and defense of property because the fact finder could have determined that at the time in question he was the aggressor. IC 35-41-3-2(d)(3) provides that notwithstanding subsections (a) [self defense] and (b) [defense of property] a person is not justified in using force if:

"He ... is the initial aggressor, unless he withdraws from the encounter and communicates to the other person his intent to do so...."

son's unlawful entry of or attack on his dwelling or curtilage."

**3.** Upp testified he thought Humes was there to ambush him. Humes testified he was cutting across the yard to go to a local arcade.

*See also Southard v. State* (1981), Ind. App., 422 N.E.2d 325.

Accordingly, the trial court correctly denied Upp's challenge to the sufficiency of the evidence. The ruling granting Upp a new trial is affirmed.

HOFFMAN, J., concurs.

CONOVER, P.J. (sitting by designation), concurs.