517 N.E.2d 77 (1987)
Dallas WASHINGTON, Appellant, (Defendant below),
v.
STATE of Indiana, Appellee (Plaintiff below).
No. 49S00-8609-CR-801.
Supreme Court of Indiana.
December 29, 1987.
*78 Reginald B. Bishop, Indianapolis, for appellant.
Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.
PIVARNIK, Justice.
Defendant-Appellant Dallas Washington was tried by a jury and found guilty of Carrying a Handgun Without a License, a class A misdemeanor, and Attempted Robbery, a class B felony. He was sentenced for a total of twenty (20) years on these charges. The jury also found Washington to be an Habitual Offender and his sentence was enhanced an additional thirty (30) years. Washington's Motion to Correct Errors was denied and he directly appealed to this court.
On appeal Washington claims trial court error in overruling his motion for a directed verdict at the close of State's evidence. The basis of the claim is insufficient evidence as to whether: 1) Washington performed a substantial step toward the commission of robbery; 2) Washington possessed a license to carry a handgun; and 3) underlying charges were proved to be felonies beyond a reasonable doubt.
The facts most favorable to the verdict show that on January 8, 1985, a man, later identified as Washington, knocked on Erise and Hattie Davidson's door and asked to use the phone. The Davidsons are an elderly couple. Washington told Mr. Davidson he had been across the street and the phone wasn't working. Mr. Davidson's niece lived across the street, and Davidson assumed Washington was a friend of hers, so he allowed Washington to use the phone. He noticed however, that Washington's *79 phone conversation made no sense, and he became suspicious. After the call, Washington started to leave, but hesitated at the door. Mr. Davidson noticed Washington reach for a pistol he had hidden under his jacket. Davidson grabbed Washington and prevented him from getting a grip on the gun. Hattie Davidson then took her cane and struck Washington several times on the head. Washington dropped the gun, turned and fell off the porch, and fled the scene.
Washington contends the trial court erred in overruling his motion for a directed verdict based on insufficient evidence. He first claims the evidence was insufficient to show his acts constituted a substantial step toward the commission of robbery. See Ind. Code § 35-41-5-1 (Burns 1985). He correctly states Indiana law is settled in that mere preparation is not sufficient to constitute an attempt to commit a crime. Only that conduct which goes beyond mere preparation to constitute a substantial step toward commission of the crime is sufficient to sustain a conviction. Himes v. State (1980), 273 Ind. 416, 403 N.E.2d 1377, 1381; Haskett v. State (1984), Ind. App., 467 N.E.2d 32, 35. Whether a "substantial step" has occurred, for purposes of prosecuting an attempt crime, is a question of fact to be decided by the jury based on the particular circumstances of each case. State v. Lewis (1981), Ind., 429 N.E.2d 1110, cert. denied 457 U.S. 1118, 102 S.Ct. 2931, 73 L.Ed.2d 1331. See also Dukes v. State (1986), Ind., 501 N.E.2d 420. Where there have been overt acts preparatory to commission of an offense coupled with specific intent, which may be inferred from certain acts, and it may be reasonably inferred that crime would have been committed but for some form of involuntary frustration, these acts may be deemed an attempt. Williams v. State (1973), 261 Ind. 385, 304 N.E.2d 311, 315. Here, Washington went into the Davidsons' home on a ruse. He stopped at the door on his way out, and reached for the gun hidden in his jacket. It may be inferred Washington would have robbed the Davidsons had he not been stopped by the unexpected beating he received. He abandoned the robbery only after realizing he would be unsuccessful. Clearly this evidence is sufficient to show he performed a substantial step toward commission of the robbery.
Secondly, Washington incorrectly asserts the State carries the burden of proving he did not have a valid license to carry a handgun. Proof that a defendant does not possess a license to carry a handgun is not an element of Ind. Code § 35-47-2-1 (Burns Supp. 1987), the statute which delineates this crime. The State must prove Washington knowingly carried a handgun in any vehicle or on or about his person, away from his dwelling on his property or fixed place of business. Proof that Washington had a license is an exception to the offense, and the burden is on Washington to prove he possessed a valid license. Lewis v. State (1985), Ind. App., 484 N.E.2d 77, 80. Washington failed to sustain this burden. The State, however, presented evidence which showed Washington carried a .22 caliber handgun away from his dwelling or place of business. This gun was wrestled away from Washington and recovered at the scene by a police officer. The State then did sustain its burden of proof. The conviction for carrying a handgun without a license is based on sufficient evidence, and therefore proper.
Finally, Washington contends the evidence is insufficient to prove his prior crimes are felonies and thus his sentence was improperly enhanced under Ind. Code § 35-50-2-8 (Burns Supp. 1987). This statute requires the State prove a defendant has accumulated two (2) prior unrelated felonies.
At trial the State introduced State's Exhibit 7 which consisted of a Wisconsin court document regarding a 1975 burglary conviction. The document shows, and the prosecutor read to the jury, in pertinent part, evidence Washington "feloniously and intentionally" entered a structure. The sentence imposed was for three (3) years, but was suspended and Washington was to have a probationary period of three (3) years instead, along with a 120 day sentence *80 served in the county jail. State's Exhibit 8 consisted of Wisconsin court documents regarding a March, 1977 conviction for both burglary and possession of burglary tools. This charging instrument also alleged Washington "feloniously" committed the crimes; this too was read to the jury. The sentence imposed was three (3) years on each count to be served consecutively.
Ind. Code § 35-50-2-1 (Burns 1985) defines "felony conviction" as used in the habitual offender statute:
"Felony conviction" means a conviction, in any jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year; but it does not include a conviction with respect to which the person has been pardoned, or a conviction of Class A misdemeanor under section 7(b) of this chapter. [Emphasis added].
Washington was sentenced for three (3) years on the first conviction, served 120 days and was placed on probation for three (3) years. The fact he did not actually serve more than one year is not significant. The sentences imposed and the language stated in the documents and read to the jury show beyond a reasonable doubt the two prior convictions were felonies; therefore the habitual offender finding was proper.
Accordingly, the trial court is affirmed.
SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.
DeBRULER, J., not participating.