**Augustus WOODS, Appellant–
Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0110–CR–658.**

Court of Appeals of Indiana.

May 30, 2002.

Michael R. Fisher, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Augustus Woods appeals his convictions for Criminal Recklessness,[1] a class D felony, and Carrying a Handgun Without a License,[2] a class C felony. Woods contends that his convictions violate federal constitutional prohibitions against double jeopardy and that there is insufficient evidence to support his conviction for criminal recklessness.

Finding that his convictions do not violate federal double jeopardy principles according to the "same-elements" test and that there is sufficient evidence to support his conviction for criminal recklessness, we affirm.

### FACTS

The facts most favorable to the verdict are that before noon on May 26, 2001, Indianapolis Police Officer Don Randall responded to a report that shots had been fired from a residence located in the 3200 block of Nicholas Avenue in Indianapolis. The house from which the shots were fired is located in a residential neighborhood. Upon his arrival at the house, Officer Randall observed people sitting on the porch of the neighbor's house. Children were also playing and riding their bikes in front of the house next door.

As Officer Randall approached the residence from which the shots had been fired, Woods came to the front door and fired six or seven shots from a small semi-automatic handgun. Woods fired the shots in the direction of a vacant house across the street. Officer Randall ordered Woods to put down the gun, whereupon a female, who had been standing in the doorway, stepped in front of Woods and Woods went back inside the house. The police later determined that the house was not Woods's residence.

When Officer Steve Buchanan arrived at the scene, Officer Randall went around to the back of the house to cover the back door. According to Officer Buchanan, a few seconds later, Woods once again walked out onto the front porch holding the gun. Another man then emerged from the house onto the porch, grabbed the gun away, and pulled Woods back into the house. Finally, in response to instructions

---

1.  Ind.Code § 35–42–2–2.

2.  Ind.Code § 35–47–2–1.

from police officers, Woods, the other man, and the woman came out onto the porch. Woods smelled of alcohol, his eyes were bloodshot, and his speech was slurred.

Woods was subsequently charged with Carrying a Handgun Without a License, a class A misdemeanor, and Criminal Recklessness, a class D felony. After a jury trial on August 22, 2001, Woods was found guilty as charged. After Woods stipulated to having a prior felony conviction within the past fifteen years, the trial court enhanced his conviction for Carrying a Handgun Without a License to a class C felony. The trial court then sentenced him to six years imprisonment, with two suspended, on the handgun conviction, and two years imprisonment on the criminal recklessness conviction. Both sentences were to be served concurrently. Woods now appeals.

## DISCUSSION AND DECISION

### I. Double Jeopardy

██ Woods contends that his convictions violate federal double jeopardy principles.[3] According to Woods, the element of proof needed to sustain a conviction for Carrying a Handgun Without a License is the same as one of the elements necessary to prove Criminal Recklessness with a deadly weapon. Thus, he asserts that according to the "same-elements" test, his convictions violate federal constitutional prohibitions against double jeopardy.

Pursuant to I.C. § 35–42–2–2(b)(1), a person commits criminal recklessness if he recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person. The offense is a class D felony if the act is committed while armed with a deadly weapon. I.C. § 35–42–2–2(b)(1)(2). An individual commits possession of a handgun without a license if he:

carr[ies] a handgun in any vehicle or on or about his person, except in his dwelling, on his property or a fixed place of business, without a license ... being in his possession.

I.C. § 35–47–2–1.

██ Another panel of this court addressed the question of whether convictions for criminal recklessness with a deadly weapon and possessing a handgun without a license violate federal protections against double jeopardy in *Collier v. State*, 715 N.E.2d 940, 942–43 (Ind.Ct.App. 1999), *trans. denied*. In that case, this court applied the same-elements test established in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which provides:

Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

715 N.E.2d at 942 (citing *Games v. State*, 684 N.E.2d 466, 475 (Ind.1997)). This court first observed that "criminal recklessness as a class D felony requires the possession of a deadly weapon." *Id.* Then it determined that possession of a handgun without a license only requires proof that the defendant possessed a deadly weapon. *Id.* This court noted that proof that the defendant does not possess a license to carry a handgun does not constitute an element of that offense. *Id.* Rather, the defendant's possession of a valid license is a defense to the crime for which the defendant bears the burden of proof. *Id.* (citing *Washington v. State*, 517 N.E.2d 77, 79 (Ind.1987)). Having determined that "the element necessary for a

---

**3.** Woods makes no contention that his convictions violate Indiana constitutional prohibi-

tions against double jeopardy. Appellant's Br. p. 6–7.

conviction for carrying a handgun without a license does not require proof different from the elements necessary to prove criminal recklessness with a deadly weapon," this court concluded that Collier's convictions violated double jeopardy. *Id.*

We disagree with the determination in *Collier* that possession of a handgun is the only element of the offense of carrying a handgun without a license. According to the plain language of the criminal statute, to obtain a conviction, the State is required to show both that the defendant carried a handgun in any vehicle or on or about his person, and that he did so somewhere other than his dwelling, property, or fixed place of business. *See Armstrong v. State,* 742 N.E.2d 972, 978 (Ind.Ct.App.2001) (observing that the essential elements of the offense of carrying a handgun without a license are: (1) possession of a handgun; (2) in a place that was not the defendant's dwelling, property, or fixed place of business); *see also Robertson v. State,* 765 N.E.2d 138, 139–40 (Ind.2002) (discussing whether the State had sufficiently established that the defendant was not in his dwelling, on his property, or at his fixed place of business to obtain a conviction for carrying a handgun without a license); *Seel v. State,* 739 N.E.2d 170, 172 (Ind.Ct. App.2000); *Harris v. State,* 716 N.E.2d 406, 411 (Ind.1999). Having determined that the offense of carrying a handgun without a license requires proof of two elements, we proceed to analyze Woods's convictions according to the *Blockburger* same-elements test.

Proof that the defendant carried the handgun somewhere other than his dwelling, property, or fixed place of business, is not required to obtain a conviction for criminal recklessness as a class D felony. Similarly, proof that the defendant created a substantial risk of bodily injury to another is not required to obtain a conviction for carrying a handgun without a license. Because each offense requires proof of an additional fact that the other does not, we conclude that Woods's convictions do not violate the federal double jeopardy clause.

## II. Sufficiency of the Evidence

■ Woods also contends that the evidence is insufficient to support his conviction for criminal recklessness as a class D felony. Specifically, Woods claims that the State failed to establish a substantial risk of bodily injury because he fired at a vacant house across the street and there was no one in or near his line of fire. Appellant's Br. p. 9.

■ To obtain a conviction for criminal recklessness as a class D felony, the State was required to prove beyond a reasonable doubt that Woods: 1) recklessly; 2) performed an act that created a substantial risk of bodily injury to another person; 3) while armed with a deadly weapon. I.C. § 35–42–2–2(b); *Smith v. State,* 688 N.E.2d 1289, 1291 (Ind.Ct.App.1997). A "substantial risk" is one that has "substance or actual existence." *Boushehry v. State,* 648 N.E.2d 1174, 1177 (Ind.Ct.App. 1995).

■ When reviewing sufficiency of the evidence claims, this court neither reweighs the evidence nor assesses the credibility of witnesses. *Dillard v. State,* 755 N.E.2d 1085, 1089 (Ind.2001). Rather, we look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom. *Id.* A conviction may rest on circumstantial evidence. *Robinson v. State,* 730 N.E.2d 185, 194 (Ind.Ct.App. 2000), *trans. denied.* This court will affirm the conviction unless "no rational factfinder" could have found the defendant guilty beyond a reasonable doubt. *Clark v. State,* 728 N.E.2d 880, 887 (Ind.Ct.App. 2000), *trans. denied.*

Woods points to our opinions in *Elliott v. State,* 560 N.E.2d 1266 (Ind.Ct.App. 1990) and *Boushehry* to support his argu-

ment that the State relied upon mere speculation that his actions posed a substantial risk of bodily injury to another person. In *Elliott,* the defendant fired five pistol shots from his place of business over uninhabited fields and woodlands. 560 N.E.2d at 1267. Some of Elliott's employees were present but behind him at the time, there was no one in the fields, and there was no evidence that anyone was in the woodlands. *Id.* We concluded that Elliott did not create a substantial risk of bodily injury to another person "because there were no people in or near his line of fire." *Id.*

Similarly, in *Boushehry,* the defendant went to a vacant lot and fired two or three shots at some geese from his .22 calibre rifle. 648 N.E.2d at 1176. The shots were fired in the direction of Shelby Road, in Marion County, which bordered the vacant lot. *Id.* We noted that, "the possibility of a motorist passing by on Shelbyville Road at the time [the defendant] fired the gun across the vacant lot presents only a remote risk of bodily injury." *Id.* at 1177. Because "the record contain[ed] no evidence that anyone was in or near" the line of fire, we held that the State failed to establish a substantial risk of bodily injury to another person. *Id.*

The case at bar is distinguishable from *Elliott* and *Boushehry.* In this instance, Woods fired the shots in a residential area and the evidence indicates that there were individuals near Woods's line of fire. Specifically, Officer Randall testified that Woods fired the shots from a house located in a residential neighborhood and that he appeared to be intoxicated. Tr. p. 15–16, 40. At the time the shots were fired, adults were sitting on a nearby porch and children were riding their bikes and playing outside of the house next door. Tr. p. 15. A reasonable jury could conclude that a substantial risk of bodily injury arises when an intoxicated person fires several gunshots in a residential area in close proximity to adults and children. Further, it is not improbable that a bullet could have ricocheted and struck one of the nearby people or that a child could have ridden his or her bicycle into the line of fire. *See, e.g., Upp v. State,* 473 N.E.2d 1030, 1033 (Ind.Ct.App.1985) (holding that, although the defendant was not aiming at a specific person, there was a substantial risk of bodily injury because his shots were directed close to someone and the bullet could have ricocheted causing that person injury). Thus, the evidence is sufficient to establish that Woods's acts created a substantial risk of bodily injury and to support his conviction for criminal recklessness as a class D felony.

Judgment affirmed.

DARDEN, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

A handgun is a deadly weapon. It therefore follows that Woods committed Criminal Recklessness as a Class D felony by the use of the handgun which he was carrying without a license.

Here, however, Woods does not frame his double jeopardy challenge under the "same evidence" prong of the *Richardson v. State,* 717 N.E.2d 32 (Ind.1999). Nevertheless our Supreme Court has held a violation of the same evidence test of double jeopardy to be reviewable *sua sponte. Logan v. State,* 729 N.E.2d 125 (Ind.2000). A double jeopardy violation is fundamental error. *Cuto v. State,* 709 N.E.2d 356 (Ind. Ct.App.1999); *Garcia v. State,* 686 N.E.2d 883 (Ind.Ct.App.1997); *Odom v. State,* 647 N.E.2d 377(Ind.Ct.App.1995), *trans denied.*

Be that as it may, although there is a reasonable possibility that the jury looked to the same evidence of the handgun to establish *an* element of each crime, that

evidence did not establish all of the elements of either crime. Accordingly, the dual convictions do not run afoul of the *Richardson* test as recently considered in *Spivey v. State,* 761 N.E.2d 831 (Ind. 2002).[4]

In all other respects I fully concur.

---

4. The *Richardson/Spivey* analysis is considered in *Alexander v. State,* 768 N.E.2d 971 (Ind.Ct.App. 2002) also decided this date. *Alexander* has concluded that a double jeopardy violation occurs where establishment of *an* essential element of one offense also establishes *all* of the essential elements of the second offense. The convictions in the case before us do not violate this standard.