**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**
Oct 03 2013, 5:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY G. RAFF**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARLEN HERNANDEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1304-CR-181 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1205-FD-725

**October 3, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On May 15, 2012, Ashley Polanco and her boyfriend, Alberto Hernandez, went out to dinner at a restaurant to celebrate Ashley's birthday. As they left the restaurant, Ashley and Alberto saw Alberto's ex-wife, Appellant-Defendant Marlen Hernandez, driving through the parking lot in a yellow sports utility vehicle ("SUV"). Hernandez, who was driving at a relatively high rate of speed, drove the vehicle straight towards Ashley. Ashley was forced to jump out of the path of Hernandez's SUV to avoid being struck by the SUV. Hernandez was charged with and convicted of Class D felony criminal recklessness. She was sentenced to an executed one-and-one-half-year term of imprisonment. On appeal, Hernandez contends that the evidence is insufficient to sustain her conviction for Class D felony criminal recklessness. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On May 15, 2012, Ashley and Alberto went to dinner at a restaurant in Fort Wayne to celebrate Ashley's birthday. As Ashley and Alberto were leaving the restaurant, they saw Alberto's ex-wife, Hernandez, driving through the parking lot in a yellow SUV. Upon spotting Ashley, Hernandez drove the SUV "straight towards" Ashley. Tr. p. 33. An unknown bystander warned Ashley to "look out." Tr. p. 33. Paul Moloney and his wife, Amy, were in the parking lot and saw Hernandez drive the SUV towards Ashley. Paul witnessed the SUV swerve and turn in Ashley's direction.

Ashley had to jump out of the path of Hernandez's SUV to avoid being stuck by the SUV. Hernandez's SUV subsequently struck a vehicle that was parked in the parking lot.

2

Ashley and Paul estimated that Hernandez's vehicle was traveling at a rate of speed between twenty-five and fifty miles per hour while Hernandez was driving towards Ashley.

On May 24, 2012, the State charged Hernandez with one count of Class D felony criminal recklessness and one count of Class D felony neglect of a dependent.[1] Following a jury trial, the jury found Hernandez guilty of Class D felony criminal recklessness and not guilty of Class D felony neglect of a dependent. The trial court conducted a sentencing hearing on March 1, 2013, at the conclusion of which the trial court sentenced Hernandez to one-and-one-half-year term of imprisonment. This belated appeal follows.

## DISCUSSION AND DECISION

Hernandez contends that the evidence is insufficient to sustain her conviction for Class D felony criminal recklessness.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on

---

[1] The State alleged that Hernandez committed Class D felony neglect of a dependent because she endangered the lives of her children, who were in the SUV at the time of the incident involving Ashley.

3

reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

Indiana Code section 35-42-2-2(b) provides that a "person who recklessly, knowingly, or intentionally performs: (1) an act that creates a substantial risk of bodily injury to another person … commits criminal recklessness." The offense is a Class D felony if it is committed while armed with a deadly weapon. Ind. Code § 35-42-2-2(c)(2). In challenging the sufficiency of the evidence to sustain her conviction for Class D felony criminal recklessness, Hernandez concedes that her SUV qualified as a deadly weapon, and that the evidence is sufficient to prove that she recklessly, knowingly, or intentionally performed an act while armed with a deadly weapon. Hernandez argues, however, that the evidence is insufficient to prove that her actions created a substantial risk of bodily injury to another.

Upon review, we conclude that the evidence most favorable to the jury's verdict demonstrates that Hernandez's actions did create a substantial risk of bodily injury to another. "A 'substantial risk' is one that has 'substance or actual existence.'" *Woods v. State*, 768 N.E.2d 1024, 1027 (Ind. Ct. App. 2002) (quoting *Boushehry v. State*, 648 N.E.2d 1174, 1177 (Ind. Ct. App. 1995)). We have previously held that evidence that a defendant drove his vehicle on a sidewalk in a manner that required a bystander to jump from the vehicle's path to avoid being struck by the vehicle was sufficient to prove that the defendant created a substantial risk of bodily injury to another person. *See Beach v. State*, 512 N.E.2d 440, 445 (Ind. Ct. App. 1987). We have also held that a jury could reasonably conclude that

4

a defendant's act of driving his vehicle through a gate while others were nearby in an attempt to flee created a substantial risk of bodily injury to the nearby individuals. *See DeWhitt v. State*, 829 N.E.2d 1055, 1062 (Ind. Ct. App. 2005).

Here, the evidence most favorable to the jury's verdict demonstrates that Hernandez drove her SUV toward Ashley before wrecking the SUV into a parked vehicle. One witness testified that he saw the SUV swerve toward Ashley. Witnesses estimated that Hernandez's vehicle was traveling through the parking lot at a rate of speed between twenty-five and fifty miles per hour. An unknown bystander yelled for Ashley to "look out," and Ashley was forced to jump out of the way of Hernandez's SUV to avoid being struck by the SUV.

Hernandez argues that because Ashley was able to jump from the path of the SUV before being struck, Hernandez's actions did not create a substantial risk of bodily injury to Ashley. We disagree and conclude that in light of our previous decisions in *Beach* and *DeWhitt*, the jury could reasonably conclude from the evidence presented at trial that Hernandez's actions created a substantial risk of bodily injury to Ashley. Hernandez's claim on appeal effectively amounts to an invitation to reweigh the evidence, which we will not do. *Stewart*, 768 N.E.2d 433 at 435.

The judgment of the trial court is affirmed.

BAILEY, J., and MAY, J., concur.