**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RUTH JOHNSON**
Marion County Public Defender

**MICHAEL R. FISHER**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General

**LYUBOV GORE**
Law Clerk
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VINCENT SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1309-CR-443 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. 49G03-1109-FA-65179

**April 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Vincent Smith appeals his conviction of Class D felony criminal recklessness.[1] Because the State presented sufficient evidence to support Smith's conviction, we affirm.

## FACTS AND PROCEDURAL HISTORY

On September 9, 2011, Detective Richard Burkhardt of the Indianapolis Metropolitan Police Department received a tip about a person of interest with a handgun.[2] Detective Burkhardt arrived at the densely wooded area described in the tip and found a blue vehicle matching the vehicle described in the tip. Detective Burkhardt requested the assistance of additional officers before approaching the blue car.

Four officers and a police dog approached the car from behind. When Officer Ronald Shelnutt was within ten yards of the car, the dog signaled a person was present. Officer Shelnutt saw a gunshot come from an opening in the driver's side door. Officer Shelnutt also saw a rustle of leaves due to the expulsion of air from the firing of the gun. The officers took cover and fired back at the vehicle. Smith, the vehicle's occupant, surrendered by placing his hands out of the vehicle. Smith's hand was injured during the incident, and the officers called an ambulance. As Smith was placed into the ambulance, he made a shooting gesture with his hands toward an officer, and Burkhardt testified he heard Smith state "something to the effect that [Smith] had a shot at his head, but the gun jammed." (Tr. at 92-93.) A crime scene specialist recovered a jammed pistol from the ground directly outside of the car.

After a jury found him guilty, the trial court entered Smith's conviction of Class D

---

[1] Ind. Code § 35-42-2-2.

felony criminal recklessness and sentenced him to three years.

## DISCUSSION AND DECISION

When reviewing the sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences that support the decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or determine the credibility of witnesses; those tasks are properly assigned to the fact-finder. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.* at 147.

For the fact-finder to find Smith guilty of Class D felony criminal recklessness, the State was required to prove beyond a reasonable doubt that Smith recklessly, knowingly, or intentionally performed "an act that create[d] a substantial risk of bodily injury to another person," Ind. Code § 35-42-2-2(b), and that he performed that act "while armed with a deadly weapon." Ind. Code § 35-42-2-2(c).

Smith argues he did not perform an act that created a substantial risk of bodily injury because the officers could not show the path of the bullet. He concedes there was evidence he fired a handgun, but argues the State did not show the officers were in the line of fire and "to speculate that they were would be mere conjecture for which there was no evidence at trial." (Br. of Appellant at 4.) We disagree.

---

[2] Detective Burkhardt's name is spelled different ways in the record; the transcript of the trial refers to him as "Burkhardt" while the Probable Cause Affidavit refers to him as "Burkhart." (Appellant's App. at 36.) We use the spelling from the transcript.

A substantial risk is a "risk that has substance or actual existence." *Smith v. State*, 688 N.E.2d 1289, 1291 (Ind. Ct. App. 1997). Those "in or near a shooter's line of fire" are at a substantial risk of bodily harm. *Id.* The State is not required to demonstrate a defendant was aiming at specific people, *Woods v. State*, 768 N.E.2d 1024, 1028 (Ind. Ct. App. 2002), because common knowledge tells us that bullets do not always go exactly where the shooter intended and can change trajectory by ricocheting off hard objects. *See, e.g.*, *Upp v. State*, 473 N.E.2d 1030 (Ind. Ct. App. 1985).

In *Smith*, we held a substantial risk of bodily injury existed when Smith test fired his gun at least six times toward an old car in his backyard. 688 N.E.2d at 1291. The risk was substantial because there was a home in the line of fire, there were people in the street behind Smith's backyard, and the test firing occurred within "a stone's throw" of nearby people. *Id.*

Similarly, in *Woods*, we held a substantial risk of bodily injury existed when Woods shot multiple rounds from his house into a residential neighborhood. 768 N.E.2d at 1028. We held the State could rely on the proximity of adults sitting on a porch and children riding their bicycles and playing in the street. *Id.*

There is sufficient evidence of a substantial risk of bodily injury to the officers.[3]

---

[3] Smith relies on *Elliott v. State*, 560 N.E.2d 1266 (Ind. Ct. App. 1990), and *Boushehry v. State*, 648 N.E.2d 1174 (Ind. Ct. App. 1995). Both are distinguishable. In *Smith*, 688 N.E.2d at 1291, we explained the distinction between cases like the one at hand and *Elliott* and *Boushehry*:

> [Elliott] fired five pistol shots from his place of business over uninhabited fields and woodlands which bordered his business. *Elliott*, 560 N.E.2d at 1267. Some of Elliott's employees were present at the time; however, none of the employees were in his line of fire. *Id.* Moreover, although hunters were known to hunt in the adjacent fields and woodlands, no evidence was presented that anyone was present in the woodlands or fields. *Id.* Accordingly, we reversed Ellio[t]t's criminal recklessness conviction concluding that his conduct did not create a substantial risk of bodily injury to another person "because there were no people in or near his line of fire." *Id.*

Officer Shelnutt saw Smith shoot from his open driver's side door and he saw leaves rustle from the discharge of air from the gun's chamber. *Id.* Burkhardt testified that Smith "stated something to the effect that [Smith] had a shot at his head, but the gun jammed." (Tr. at 92-93.) Smith's gun was recovered from the ground outside of the car, and it was jammed. The evidence permitted a reasonable inference that the officers were in or near Smith's line of fire and thus at substantial risk of bodily injury. *See Woods*, 768 N.E.2d at 1028 (holding that individuals near line of fire are at substantial risk of bodily injury).

**CONCLUSION**

There was sufficient evidence Smith committed Class D felony criminal recklessness. Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.

---

Similarly, in *Boushehry*, [Boushehry] went to a vacant lot and fired . . . at some geese. [Boushehry's] shots were fired in the direction of Shelbyville Road, which bordered the vacant lot. *Id.* As with the "non-existent hunters in Elliott," we concluded that the possibility of a motorist passing by on Shelbyville Road [when Boushehry] fired his gun . . . presented "only a remote risk of bodily injury." [*Boushehry*, 648 N.E.2d at 1177.] Because the[re was] no evidence that anyone was in or near [Boushehry's] line of fire, we held that the State [did not] prove . . . substantial risk of bodily injury to another person. *Id.*