## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 23 2015, 10:02 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

T. Edward Page
Merrillville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Anthony Edward Stewart,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 23, 2015

Court of Appeals Case No.
45A03-1506-CR-558

Appeal from the Lake Superior Court

The Honorable Clarence D. Murray, Judge

Trial Court Cause No.
45G02-1402-FA-7

**Baker, Judge.**

[1] Anthony Stewart appeals his conviction for Class A Felony Attempted Murder,[1] arguing that the evidence was insufficient to support the verdict. Finding the evidence sufficient, we affirm.

# Facts

[2] On February 1, 2014, Brian Boyd, Dewayne Millender, and Terrill Fenderson were driving around East Chicago, Indiana. Someone began firing a gun at their vehicle. Boyd was hit, but Millender and Fenderson fled for cover. A passerby took Boyd to the hospital, where doctors discovered that the bullet had struck Boyd's kidney.

[3] Boyd refused to give any information to police investigators. Likewise, Fenderson denied ever being in the car and did not provide any information. The passerby arrived too late to see who had done the shooting—the only potential witness left was Millender. Eleven days after the incident, Millender spoke with Investigator Isaac Washington and identified Stewart out of a photo array.

[4] On February 25, 2014, the State charged Stewart with class A felony attempted murder, class B felony aggravated battery, class C felony battery by means of a deadly weapon, and class C felony battery resulting in bodily injury. The State later amended the charge to also allege Stewart to be an habitual offender.

---

[1] Ind. Code §§ 35-42-1-1, 35-41-5-1 (2014).

[5] At trial, Millender told a different tale. He disclaimed any knowledge of the shooter's identity and claimed that he only picked Stewart's picture because it was a familiar face of someone he knew. The State responded by offering the video recording of Millender's previous statement—the State said it was for "impeachment" purposes, and Stewart did not object so long as the recording was played in its entirety. Tr. 66. The State then examined Investigator Washington, who testified without objection that Millender had identified Stewart as the shooter. Finally, the jury heard three recorded phone calls in which Stewart tried to convince Millender not to come to court, and in which Stewart stated that he had a feud with Fenderson.[2]

[6] Stewart was found to be guilty as charged and an habitual offender. The trial court merged the three battery offenses into the conviction for attempted murder and sentenced Stewart to twenty-five years, with an additional thirty years owing to his habitual offender status. Stewart now appeals.

## Discussion and Decision

[7] Stewart has one argument on appeal: he argues that after Millender denied identifying him as the shooter, there was not sufficient substantive evidence from which the jury could have found beyond a reasonable doubt that Stewart committed the shooting.

---

[2] The State's theory of the case was that Stewart was attempting to hit Fenderson, but could be charged with the attempted murder of Boyd based on the doctrine of transferred intent.

[8] When reviewing sufficiency of the evidence claims, we neither reweigh the evidence nor reassess witness credibility. *Woods v. State*, 768 N.E.2d 1024, 1028 (Ind. Ct. App. 2002). Rather, we look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom. *Id.* We will affirm the conviction unless no rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011).

[9] Stewart correctly points out that evidence admitted only for impeachment may not be used as substantive evidence. *Gaby v. State*, 949 N.E.2d 870 (Ind. Ct. App. 2011). Stewart is incorrect, however, in his contention that Millender's identification came into evidence *only* for impeachment purposes.

[10] Indiana Evidence Rule 802 generally prohibits the use of hearsay statements in court. Hearsay is generally defined as "a statement that is not made by the declarant while testifying at the trial or hearing; and is offered in evidence to prove the truth of the matter asserted." Ind. Evid. Rule 801. That rule goes on to clarify:

> a statement is not hearsay if . . . [t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement (A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition . . . [or] (C) is an identification of a person shortly after perceiving the person.

Evid. R. 801(d). Our Supreme Court has explained the nature of such evidence: "a prior statement is admissible as substantive evidence only if the declarant testifies at trial and is subject to cross-examination concerning the statement. . . ." *Modesitt v. State*, 578 N.E.2d 649, 653-54 (Ind. 1991).

[11] Turning to the instant case, we first note that Investigator Washington's testimony that Millender identified Stewart as the shooter was properly before the jury as substantive evidence.[3] That out-of-court statement was an "identification of a person shortly after perceiving the person," and the declarant, Millender, testified at trial and was subject to cross-examination—therefore, the evidence met the requirements of both Rule 801(d) and *Modesitt*. Investigator Washington's testimony that Millender identified Stewart is itself sufficient evidence from which a rational jury could have found Stewart guilty beyond a reasonable doubt. And since we neither reweigh nor reassess witness credibility, that testimony alone would be grounds to affirm.

[12] We also find, however, that the videotape testimony properly came into evidence as both impeachment evidence and substantive evidence. Although the State referenced the word "impeachment" when offering the tape, nowhere did it say that it was *only* for impeachment purposes, nor did Stewart request the judge to instruct the jury to consider the tape only for impeachment purposes. It is well settled that evidence can be offered as both impeachment and

---

[3] Stewart does not challenge the propriety of this evidence in his appeal brief.

substantive evidence. *Lawrence v. State*, 959 N.E.2d 385, 389 (Ind. Ct. App. 2012). Moreover, since Stewart did not request an admonishment or jury instruction limiting the use of the tape to impeachment purposes only, his challenge to the use of those statements as substantive evidence is waived. *Humphrey v. State*, 680 N.E.2d 836, 839 (Ind. 1997).

[13] It was up to the jury whether to believe Millender's statement to Investigator Washington or his testimony offered at trial. Clearly, the jury thought Millender was being more truthful in the former statement than the latter, and we cannot second-guess that finding.

[14] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.