## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 18 2016, 8:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Brian J. May
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Stewart,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

February 18, 2016

Court of Appeals Case No.
71A05-1507-CR-915

Appeal from the St. Joseph
Superior Court

The Honorable Elizabeth C.
Hurley, Judge

Trial Court Cause No.
71D08-1405-FA-9

**Baker, Judge.**

[1] James Stewart appeals his conviction for Class A Felony Attempted Murder,[1] arguing that the evidence was insufficient to support the conviction. Finding the evidence sufficient, we affirm.

## Facts

[2] On April 19, 2014, Stewart was housed at the St. Joseph County Jail. He was in a lockdown area where inmates are only allowed one hour of recreation outside their cells, and these hours are staggered so that the inmates do not have access to each other. On that day, Gregory Spurgeon, Stewart's cell neighbor, pulled down his pants in front of Stewart's cell and pressed his bare backside against Stewart's glass door.[2]

[3] The following day, Stewart took his recreation hour from 7 to 8 p.m. When the jail guard ordered Stewart to return to his cell, Stewart responded that he would but actually hid on the floor below his cell. After the jail guard, thinking that Stewart had returned to his cell, let Spurgeon out of his cell, Spurgeon walked to the restroom. Stewart followed him, approached him from behind, and struck him with a closed fist. Stewart then placed Spurgeon in a chokehold. As the guard radioed for help, Stewart continued to choke his victim for roughly a minute and a half, and Spurgeon lost consciousness. A forensic pathologist would later testify that the situation was life-threatening.

---

[1] Ind. Code §§ 35-42-1-1, 35-41-5-1.

[2] This action is known in some quarters as "mooning."

Jail officers arrived and ordered Stewart to release his victim—he finally complied. As the officers handcuffed Stewart, he said, "I was going to kill him, he put his bare ass on my cell door yesterday." Tr. 28. The officers noticed that Spurgeon remained on the ground, face-down, unconscious, his eyes rolling back into his head. A later investigation revealed that Stewart's food slot had been jammed with paper, which would have enabled Stewart to reach out of his cell and grab a person walking past.

On May 14, 2014, the State charged Stewart with class A felony attempted murder. Stewart waived his right to a trial by jury. The State presented a video recording of the attack, along with the testimony of the victim, the jail guards, and a forensic pathologist. The trial court found Stewart guilty as charged and sentenced him to forty years imprisonment. Stewart now appeals.

## Discussion and Decision

Stewart has one argument on appeal: he argues that the State lacked sufficient evidence to prove beyond a reasonable doubt his intent to commit murder.

When reviewing sufficiency of the evidence claims, we neither reweigh the evidence nor reassess witness credibility. *Woods v. State*, 768 N.E.2d 1024, 1028 (Ind. Ct. App. 2002). Rather, we look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom. *Id.* We will affirm the conviction unless no rational factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.*

[8] The State was required to prove that Stewart, with the intent to commit the crime of murder, engaged in a substantial step toward the commission of murder. I.C. § 35-41-5-1; I.C. § 35-42-1-1. Stewart argues that this burden was not met because the forensic pathologist could not specify precisely how close Spurgeon was to dying. Stewart also stresses the fact that he released Spurgeon after the guards showed up. "Defendant believes because he caused the victim to black out and not experience a true near death experience, he should be found guilty of the lesser and included offense [of strangulation]." Appellant's Br. 9.

[9] We disagree. The State is not required to show that the defendant nearly succeeded in committing murder, it only needs to show an "overt act beyond mere preparation and in furtherance of the intent to commit the crime." *Jackson v. State*, 683 N.E.2d 560, 566 (Ind. 1997). When Stewart wrapped his arms around Spurgeon's neck, Stewart clearly committed such an overt act, and the factfinder had sufficient evidence from which it could find that this was a substantial step toward the commission of murder. And the factfinder had sufficient evidence from which it could find that Stewart intended to kill Spurgeon, given Stewart's statement, "I was going to kill him." Tr. 28. Stewart's argument amounts to a request that we reweigh the evidence and substitute our judgment for that of the factfinder—a request we deny.

[10] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.