## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 13 2017, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alphonso Manns
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ken R. Anderson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 13, 2017

Court of Appeals Case No.
88A01-1612-CR-2928

Appeal from the Washington
Circuit Court

The Honorable Larry W. Medlock,
Judge

Trial Court Cause No.
88C01-1605-F1-228

**Baker, Judge.**

Ken Anderson appeals his convictions for Level 5 Felony Intimidation[1] and Level 6 Felony Criminal Recklessness.[2] He argues that the evidence is insufficient to rebut his claim of self-defense or to support the convictions. We find that the evidence is sufficient to rebut his claim of self-defense and to support his criminal recklessness conviction, but we find the evidence is insufficient to support his intimidation conviction. Therefore, we affirm in part, reverse in part, and remand with instructions.

## Facts

On May 14, 2016, at approximately 5:30 a.m., Kevin Lang was driving in Washington County. Lang's vehicle approached Anderson, who was driving on the same road. Lang slowed his vehicle's speed and was approximately three car lengths behind Anderson's vehicle when Anderson fired multiple gunshots out the driver's side window of his vehicle. Lang believed Anderson was firing the gun up into the air. There were residential houses on both sides of Anderson's vehicle when he fired the shots.

After Anderson fired the gunshots, Lang pulled over to the right side of the road and called 911. Anderson then turned around so that his vehicle faced Lang's and stopped. Next, Anderson turned around again and continued driving; he fired another shot out of his window, still in a residential area. Lang was still

---

[1] Ind. Code § 35-45-2-1.

[2] Ind. Code § 35-42-2-2.

on the phone with the 911 operator and began following Anderson to track his location for law enforcement.

[4] Anderson and Lang then both stopped their respective vehicles. While they were stopped, another vehicle drove past them, and Anderson fired another shot as the other vehicle drove past. Anderson was stopped in front of a residence when he fired the shot. Eventually, Anderson was pulled over by law enforcement and arrested.

[5] On May 16, 2016, the State charged Anderson with Level 1 felony attempted murder, Level 6 felony pointing a firearm, and Level 6 felony criminal recklessness. The State later added a charge of Level 5 felony intimidation and dismissed the attempted murder and pointing a firearm charges. At Anderson's jury trial, which began on September 7, 2016, he raised defenses of insanity and self-defense. The jury found him guilty as charged. The trial court merged the criminal recklessness conviction into the intimidation conviction, entering judgment only on the intimidation conviction and sentencing Anderson to thirty-six months, with twenty-one months suspended to probation. Anderson now appeals.

## Discussion and Decision

[6] Anderson argues that there is insufficient evidence rebutting his claim of self-defense or supporting his two convictions. When reviewing the sufficiency of the evidence supporting a conviction, we will examine only the probative evidence and reasonable inferences that may be drawn therefrom in support of

the verdict. *Morgan v. State*, 22 N.E.3d 570, 573 (Ind. 2014); *see also Sanders v. State*, 704 N.E.2d 119, 123 (Ind. 1999) (holding that the standard of review of the sufficiency of the evidence rebutting a claim of self-defense is the same as for any other sufficiency claim). We will neither reweigh the evidence nor assess witness credibility, and will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Morgan*, 22 N.E.3d at 573.

# I. Self-Defense

First, Anderson contends that there is insufficient evidence rebutting his claim of self-defense. To prevail on a claim of self-defense, a defendant must show that he (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002); *see also* Ind. Code § 35-41-3-2. When a self-defense claim is raised and finds support in the evidence, the State bears the burden of negating at least one of the necessary elements beyond a reasonable doubt. *Wilson*, 770 N.E.2d at 800. The State may meet its burden by offering evidence directly rebutting the defense, affirmatively showing that the defendant did not act in self-defense, or by relying on the sufficiency of the evidence from its case-in-chief. *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999). If a defendant is convicted despite a claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated beyond a reasonable doubt. *Wilson*, 770 N.E.2d at 801.

[8]     Anderson insists that he was "basically attacked" by Lang when Lang touched the back of Anderson's car with his front fender. Appellant's Br. p. 23. But the record reveals that Lang unequivocally testified that when he approached Anderson, he slowed down to forty-five miles per hour and was three car lengths behind Anderson when Anderson opened fire. Tr. Vol. I p. 120-23. Lang also testified that he never acted in an aggressive manner towards Anderson while driving. *Id.* at 136. It was for the jury to listen to the competing versions of events, weigh the evidence, assess the credibility of the witnesses, and decide who to believe. *McIver v. State*, 654 N.E.2d 308, 311 (Ind. Ct. App. 1995) (holding that the factfinder is entitled to disbelieve the defendant and his evidence). There is evidence in the record establishing that *Anderson* instigated the situation and that Anderson did not have a reasonable fear of death or bodily harm under the circumstances. In other words, we find the evidence sufficient to support the jury's conclusion that Anderson did not act in self-defense.

## II.  Criminal Recklessness

[9]     Next, Anderson argues that the evidence is insufficient to support his conviction for Level 6 felony criminal recklessness. To convict Anderson of this crime, the State was required to prove beyond a reasonable doubt that he recklessly, knowingly, or intentionally performed an act that created a substantial risk of bodily injury to another person while armed with a deadly weapon. I.C. § 35-42-2-2.

Anderson concedes that he knowingly shot a gun into the air but argues that the evidence does not support a conclusion that his action created a substantial risk of bodily injury to another person. We disagree. The record reveals that Anderson fired his weapon from a vehicle on three separate occasions, each of which occurred in a residential area. On one of those occasions, he fired his weapon as another vehicle passed his car. Regardless of whether Anderson aimed at Lang, another driver, or the sky, a reasonable jury could conclude that discharging a firearm in the near vicinity of Lang's vehicle, residences, and a vehicle that was passing by carries a substantial risk of bodily injury to another person. *See Woods v. State*, 768 N.E.2d 1024, 1028 (Ind. Ct. App. 2002) (holding that the evidence was sufficient to establish a substantial risk of bodily injury where the defendant fired several gunshots in a residential area near other people). We find the evidence sufficient to support Anderson's criminal recklessness conviction.

# III. Intimidation

Finally, Anderson argues that the evidence does not support his conviction for Level 5 felony intimidation. To convict Anderson of this crime, the State was required to prove beyond a reasonable doubt that Anderson, while armed with a deadly weapon, communicated a threat to Lang with the intent that Lang (1) engage in conduct against his will—here, to stop his motor vehicle on a public roadway—or (2) be placed in fear of retaliation for a prior lawful act—here, for the prior lawful act of driving on a public roadway. I.C. § 35-45-2-1.

[12] It is undisputed that Anderson was armed with a deadly weapon, and we will assume for argument's sake that the act of discharging the gun into the air constituted a threat of some sort. What must be determined is whether the evidence supports a conclusion that Anderson made this threat with the specific intent required by the statute.

[13] Initially, we note that the record reveals that Anderson first fired the shots into the air while the vehicles were in motion. Then, after both vehicles came to a stop, Anderson began driving again, and again fired the weapon out of his window. Then, the vehicles came to a stop again and, while still stopped, Anderson fired his weapon as another vehicle passed by. Under these circumstances, a reasonable factfinder could not conclude that Anderson was threatening Lang with the intent that Lang stop his vehicle, because Anderson continued to fire his weapon even after Lang came to a stop.

[14] Consequently, the only possible avenue to convict Anderson of intimidation is to find that the evidence supports a conclusion that Anderson was threatening Lang with the intent to place Lang in fear for the lawful act of driving on a public roadway. Initially, we note that aside from Anderson's own testimony, there is no direct evidence of his intent—the record does not reveal why he repeatedly fired the gun. Likewise, there is no indirect or circumstantial evidence tending to establish an intent to place Lang in fear for the act of driving on the roadway. Anderson could have been afraid of Lang (as he claims), he could have intended to warn Lang to back off, or he could have fired the weapon for reasons having nothing whatsoever to do with Lang. We

simply do not know, and a reasonable factfinder could not draw an inference in this regard from the evidence in the record. Consequently, we vacate the intimidation conviction because the evidence is insufficient to support this conviction.

[15] The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions to vacate the intimidation conviction, reinstate the criminal recklessness conviction, and resentence Anderson accordingly.

Bailey, J., concurs.
Altice, J., concurs in part and dissents in part with a separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ken R. Anderson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | Court of Appeals Case No. <br> 88A01-1612-CR-2928 |

**Altice, Judge, concurring in part and dissenting in part.**

[16] I concur with parts I and II of the majority's decision but cannot agree that the State presented insufficient evidence to support the conviction for intimidation. The facts are much more menacing than represented by the majority and clearly support a finding that Anderson threatened Lang, while armed with a deadly weapon, with the intent that Lang stop following him on the public roadway.

[17] Lang's testimony reveals that his vehicle approached Anderson's at a higher rate of speed going northbound on Voyles Road, causing Lang to slow down behind Anderson and follow him at a distance of about three car lengths.

Shortly thereafter, Lang's vehicle slowed "way down" and then Lang fired multiple gunshots into the air. *Transcript Vol. 1* at 122. This caused Lang to immediately pull to the side of the road and stop. Lang turned on his hazard and bright lights while calling 911. Anderson also brought his vehicle to a stop and shined a bright flashlight back toward Lang. Anderson then continued on his way. Lang followed at a safe distance – about 300 to 400 feet away.

[18] After traveling about a third of a mile, Anderson backed into another roadway, momentarily turned on his dome light, and then turned southbound on Voyles Road heading in Lang's direction. Lang felt threatened by this maneuver and began backing up his vehicle to keep a distance from Lang. Anderson then stopped and turned back northbound on Voyles Road. As he proceeded down the road, Anderson fired another shot.

[19] Lang was afraid but continued to follow Anderson at a distance while he continued to communicate with the 911 operator. Anderson then came to another stop, as did Lang about 300 feet away. Another motorist passed Lang and then Anderson, as Anderson fired another shot.

[20] During this episode, Lang called his girlfriend and complained that someone was "following" him. *Transcript Vol. 2* at 5. Further, Anderson testified that he fired the shots to "warn him off" and "communicate to [Lang] to leave [him] alone." *Id*. at 30, 35. In other words, Anderson fired gunshots to communicate a threat to Lang with the intent that Lang stop following him on the public roadway (*i.e.*, engage in conduct against his will).

[21]  In my opinion, when the facts and inferences are viewed in a light most favorable to the jury's verdict, there is ample evidence to support Anderson's conviction for intimidation.  Thus, I would affirm the judgment in all respects.