*489 Baker, Judge.
Rodney Tyms-Bey brings this interlocutory appeal of the trial court’s ordér granting the State’s motion to strike his notice of defense under Indiana’s Religious Freedom Restoration Act (RFRA).[1] Our legislature has carved out a statutory exception to RFRA protections when the government’s imposition of a burden furthers a compelling interest and is the least restrictive means' of furthering that interest. We find as a matter of law that the State’s compelling interest in a uniform and mandatory taxation system falls into the statutory exception such that RFRA affords no relief to Tyms-Bey. Therefore, we affirm and remand for further proceedings.
Facts[2]
On June 24, 2013, the State notified Tyms-Bey that the Department of Revenue had determined that he had falsely reported his income and eligible tax deductions for the tax year 2012 and that he owes the State $1,042.82. Tyms-Bey responded with paperwork “claiming] he is a sovereign citizen and declaring] himself an estate.” Appellant’s App. Vol. II p. 16. Tyms-Bey did not subsequently amend his tax return or pay the balance due. On August 6, 2014, the State charged Tyms-Bey with three counts of class D felony tax evasion.
On July 1, 2015, the date Indiana’s RFRA statute took effect, Tyms-Bey filed a notice of defense of religious freedom. The State moved to strike the defense. On January 6, 2016, the trial court held a hearing on the motion to strike. At the hearing, Tyms-Bey refused to identify what religious practice or belief was burdened by the State’s actions and stated that he believed he was entitled to present his defense to a jury and would provide all evidence at trial. The State argued that a defense of religious freedom is unavailable as a defense to failure to pay taxes. The trial court granted the State’s motion to strike, and Tyms-Bey now brings this interlocutory appeal.
Discussion and Decision
 Matters of statutory interpretation present a pure question of law to which we apply a de novo standard of review. E.g., Study v. State, 24 N.E.3d 947, 950 (Ind. 2015).
Indiana Code section 34-13-9-8, the heart of Indiana’s RFRA, provides as follows:
(a) Except as provided in subsection (b), a governmental entity may not substantially burden a person’s exercise of religion, even if the burden results from a rule of general applicability.
(b) A governmental entity may substantially burden a person’s exercise of religion only if the governmental entity demonstrates that application of the burden to the person:
(1) is in furtherance of a compelling governmental interest; and
(2) is the least restrictive means of furthering that compelling governmental interest.
Initially, we note that the State concedes that RFRA applies to criminal proceedings. Appellee’s Br. p. 14. And indeed, it plainly does: “This chapter applies to all governmental entity statutes, ordinances, resolutions, executive or administrative or *490 ders, regulations, customs, and usages, including the implementation or application thereof, regardless of whether they were enacted, adopted, or initiated before, on, or after July 1, 2015.” I.C. § 34-13-9-1. Moreover, a person “may assert the violation or impending violation [of the chapter] as a claim or defense in a judicial or administrative proceeding....” I.C. § 34-13-9-9. There are no general exemptions relevant to criminal prosecutions to be found in the text of RFRA. Therefore, as a general matter, we hold that defendants may raise a RFRA claim in a criminal prosecution.
 Tyms-Bey invites us to address a number of broad issues surrounding RFRA and its application to criminal cases. But this case can be disposed of on much narrower grounds. We will assume solely for argument’s sake that Tyms-Bey pleaded a RFRA defense properly and met his burden of showing that this prosecution substantially burdens his exercise of religion. Having made those assumptions, we need decide only whether—as a matter of law—the State’s enforcement of its income tax laws is in furtherance of a compelling interest and is the least restrictive means of furthering that compelling interest. In other words, we must determine whether, viewing the situation in a light most favorable to a defendant facing criminal income tax penalties, that defendant could ever raise a successful RFRA defense. We hold that he could not.
The United States Supreme Court has recognized the compelling interest in the collection of taxes and the absolute necessity of uniform and mandatory participation in the tax system. United States v. Lee, 455 U.S. 252, 258-61, 102 S.Ct. 1051, 71 L.Ed.2d 127 (1982) (holding that exception to social security tax sought by Amish employer would undermine the fiscal vitality of the system that necessitates uniform application to all employers); see also Hernandez v. Comm’r of Internal Revenue, 490 U.S. 680, 700, 109 S.Ct. 2136, 104 L.Ed.2d 766 (1989) (holding that the reasoning of Lee applies equally to federal income tax). The Lee Court recognized that the nature of tax systems is such that they “must be uniformly applicable to all, except as Congress provides explicitly otherwise.” 455 U.S. at 261, 102 S.Ct. 1051. More specifically, “[t]he tax system could not function if denominations were allowed to challenge the tax system because tax payments were spent in a manner that violates their religious belief.” Id. at 260, 102 S.Ct. 1051. As a result, the Court held that “[b]ecause the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax.” Id.[3]
In Indiana, our General Assembly has carved out a statutory exception to the protections of RFRA. Specifically, the government may substantially burden a person’s exercise of religion if the government’s imposition of the burden furthers a compelling governmental interest and is the least restrictive means of furthering *491 that interest. I.C. § 34-13-9-8(b). As noted above, it has already been held, in a variety of contexts by a variety of courts, that the uniform collection of income tax satisfies both of these requirements.
At oral argument, counsel for Tyms-Bey argued that the imposition of a criminal penalty to someone who has evaded their income tax payment is.not the least restrictive means to further the State’s compelling interest. But the relevant “means,” for purposes of RFRA, is the “burden” the party hopes to avoid, not the sanction imposed for ignoring that burden. Here, the “burden” that Tyms-Bey is seeking to avoid—that burden that he claims violates his religious freedom—is the uniform and mandatory obligation to pay taxes (or the lack of a religious exemption from that obligation), not the specific enforcement mechanism chosen by the state. See, e.g., Adams, 170 F.3d at 179 (framing the “compelling interest” as the collection of taxes and framing the “means” of furthering that interest as mandatory participation in the tax system—that is, a system with no (or limited) exceptions).
We find United States v. Christie, 825 F.3d 1048 (9th Cir. 2016), particularly instructive. In responding to a criminal defendant’s RFRA argument that prosecution under a particular statute was not the least restrictive means of furthering the relevant governmental interest, the Christie Court explicitly disagreed with that framing of the issue:
The Christies next assert that a less restrictive alternative would have been for the government to bring these prosecutions under a less punitive provision of the [Controlled Substances Act], ideally a provision that would not have triggered .statutory mandatory minimum penalties. The Christies cite nothing for the proposition that a (potentially) less punitive charging decision qualifies as a “less restrictive” alternative.
We find such lack of authority unsurprising, for at least two reasons. First, when the government exposed the Christies to the threat of a mandatory minimum, it did not restrict their religion to a greater degree than if the government had forgone such charges, for either prosecution would trigger an outright ban on their ability to use and to distribute cannabis. Such alternative prosecutions are equally restrictive of religion,. even if they might not be equally punitive. Cf. [Burwell v. Hobby Lobby Stores, Inc., — U.S. —, 134 S.Ct. 2751, 2782 n.40, 189 L.Ed.2d 675 (2014) ] (explaining that to qualify as a less restrictive means, a proposed alternative must “accommodate[ ] the religious beliefs asserted in these cases”). Second, given the broad array of charges prosecutors can choose to bring or not to bring in any given case, recognizing the Christies’ theory would plunge courts far too deep into the business of reviewing the most basic exercises of prosecutorial discretion.
Id. at 1061-62 (emphases original); see also U.S. v. Wilgus, 638 F.3d 1274, 1288-95 (10th Cir. 2011) (analyzing whether, under RFRA, banning the possession of eagle feathers, not whether criminal enforcement of that ban, is the least restrictive means of furthering the compelling governmental interest in protecting eagles).
In other words, in the case at hand, regardless of the State’s chosen enforcement mechanism, the “burden” that Tyms-Bey wants to avoid is the same—the requirement that he pay taxes. The fact that the State has both civil and criminal enforcement options is beside the point. We find that the uniform and mandatory tax system as a whole, which incorporates the *492 criminal penalties at issue here, is the least restrictive means of furthering the government’s compelling interest in collecting revenue.
We adopt the analysis of the Lee Court and hold as a matter of law that, in the context of Indiana’s RFRA, there is a compelling governmental interest in collecting income tax revenue. Moreover, we hold as a matter of law that the least restrictive means of furthering that compelling interest is uniform and mandatory participation in the income tax system. There are no facts that Tyms-Bey could proffer with respect to his exercise of religion that would not be overcome by the State’s compelling interest and the means used by the State in furthering that interest. In other words, as a matter of law, Indiana’s RFRA offers no protection for the allegedly criminal nonpayment of income taxes by Tyms-Bey, and the trial court did not err by denying his request to assert the defense.[4]
The judgment of the trial court is affirmed and remanded for further proceedings.
Vaidik, C.J., concurs.
Najam, J., dissents with a separate opinion.

. Ind. Code ch. 34-13-9 et seq.

. We held oral argument in this matter in Indianapolis on November 21, 2016. We thank counsel for both parties for their outstanding oral advocacy.

. Lee was not decided in the context of the federal RFRA, but multiple federal courts have applied the same reasoning to reach the same conclusion under that statute. E.g., United States v. Indianapolis Baptist Temple, 224 F.3d 627, 630 (7th Cir. 2000) (holding church not entitled to exemption from federal tax laws because "the difficulties inherent in administering a tax system riddled with judicial exceptions for religious employers make a uniformly applicable tax system the least restrictive means of furthering that interest”); Adams v. Commissioner of Internal Revenue, 170 F.3d 173, 179 (3rd Cir. 1999) (observing that the Lee holding has turned the "least restrictive means inquiry into a rhetorical question” when it comes to collection of income tax, which must be done in a uniform, mandatory manner).

. We leave for another day and another case the broader arguments and procedural questions raised by Tyms-Bey about the application of RFRA to criminal prosecutions, including those concerning the proper role of the trial court judge, both before and during trial, under Indiana Code section 34-13-9-10.