

IN THE

# Court of Appeals of Indiana

**M.S.,**

*Appellant-Respondent,*

v.

**State of Indiana,**

*Appellee-Petitioner*



FILED

Dec 05 2024, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

December 5, 2024

Court of Appeals Case No.
24A-JV-715

Appeal from the Marion Superior Court

The Honorable Stephen R. Creason, Judge

The Honorable Pauline A. Beeson, Magistrate

Trial Court Cause No.
49D16-2312-JD-10924

---

**Opinion by Chief Judge Altice**
Judge Vaidik and Senior Judge Crone concur.

**Altice, Chief Judge.**

## Case Summary

M.S. appeals his adjudication as a delinquent child for dangerous possession of a firearm, a Class A misdemeanor. Specifically, M.S. claims that the adjudication must be set aside because the State failed to prove an alleged element of the offense, i.e., that he was in possession of the firearm without his parent's permission.

We affirm.

## Facts and Procedural History

On September 19, 2023, Fishers Police Department Detective Joseph Ryder was monitoring seventeen-year-old M.S.'s Instagram account and conducting surveillance outside of M.S.'s Indianapolis residence. Detective Ryder suspected that M.S. may have been involved in a shooting and marijuana sales. At some point, M.S. started posting a live video on Instagram, where Detective Ryder observed M.S. holding a pistol magazine in a bedroom at the house he was surveilling. M.S. spoke on the video about going to someone's house with a "button," which Detective Ryder knew is a term for a machine gun conversion device.

Detective Ryder obtained a search warrant for the residence to search for firearms. When Detective Ryder and other officers arrived to execute the warrant, M.S. answered the door and was detained while the search was

conducted. The officers seized a .40 caliber Smith and Wesson handgun under a mattress in M.S.'s room, an empty magazine, a bag of raw marijuana, and some THC brownie mix. M.S. admitted to police officers that he had purchased the .40-caliber pistol from someone a week earlier for $200.

[5] On December 21, 2023, the State filed a petition alleging that M.S. was a delinquent child for possessing a firearm and marijuana. At the conclusion of the State's case during the adjudication hearing on February 28, 2024, M.S.'s counsel moved to dismiss the firearm charge because the State failed to prove that M.S. possessed the gun "without the permission of a parent or guardian," pursuant to Ind. Code § 35-47-10-1. *Transcript* at 58. The juvenile court denied the motion, determining that the "without permission language" in I.C. § 35-47-10-1 is an affirmative defense to the charged offense and was not an element that the State was obligated to prove. The juvenile court then adjudicated M.S. a delinquent child for dangerously possessing a firearm. The State dismissed the marijuana charge, and the juvenile court placed M.S. on probation and ordered him to complete a course on gun violence prevention.

[6] M.S. now appeals.

## Discussion and Decision

[7] We review matters of statutory interpretation *de novo*. *Tyms-Bey v. State*, 69 N.E.3d 488, 489 (Ind. Ct. App. 2017), *trans. denied*. When interpreting a statute, we apply the plain and ordinary meaning of the words therein, presume that the legislature "intended for the statutory language to be applied in a

logical manner consistent with the statute's underlying policy and goals," and avoid interpretations that lead to "irrational and disharmonizing results." *Spells v. State*, 225 N.E.3d 767, 772 (Ind. 2024) (citations omitted). The ultimate goal is to "determine and give effect to the legislature's intent." *Id.*

[8] I.C. § 35-47-10-5, the statute under which M.S. was adjudicated delinquent, provides that "a child who knowingly, intentionally, or recklessly possesses a firearm for any purpose other than a purpose described in section 1 of this chapter commits dangerous possession of a firearm, a Class A misdemeanor." I.C. § 35-47-10-1 of this chapter enumerates exemptions from culpability. More particularly—and relevant here—are I.C. § 35-47-10-1(b)(7)(A) and (B), which provide that "this chapter does not apply to . . . a child who is (A) at the child's residence; and (B) has the permission of the child's parent, an adult family member of the child, or the child's legal guardian to possess a firearm."

[9] Here, M.S. argues that the State failed to disprove that he fell within one of the exemptions or exceptions to I.C. § 35-47-10-5. Notwithstanding M.S.'s contention, our Supreme Court rejected a similar argument in *A.W. v. State*, 229 N.E.3d 1060 (Ind. 2024), explaining that "the statutory language—'for any purpose other than a [lawful] purpose' set forth in I.C. § 35-47-10-5, —is not an essential element the State was required to prove, but rather an **affirmative defense**[.]" *Id.* at 1072 n.15 (citing *Washington v. State*, 517 N.E.2d 77, 79 (Ind. 1987), where it was explained that possession of a valid license to carry a firearm is an affirmative defense and the burden is on the defendant to prove that he possessed a valid license) (emphasis in original). In other words, when a

statute exempts a defendant from liability, it is the defendant's burden to initially prove that the exemption or exception applies. *See, e.g., Page v. State*, 173 N.E.3d 723, 726 (Ind. Ct. App. 2021) (observing that the existence of a valid prescription is a defense to possession of a narcotic drug rather than an element of the crime, and the defendant bears the initial burden of establishing this defense).

[10] Here, to the extent that M.S. asserts on appeal that he had a parent's permission to possess the firearm, he presented no evidence at the adjudication hearing proving that exemption. And M.S. makes no other sufficiency challenges to the adjudication. For these reasons, we affirm M.S.'s adjudication.

[11] Judgment affirmed.

Vaidik, J. and Crone, Sr.J., concur.

ATTORNEYS FOR APPELLANT

Talisha R. Griffin
Deborah B. Markisohn
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Alexandria Sons
Deputy Attorney General
Indianapolis, Indiana