**Earl S. ELLIOTT, III,
Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 30A01–9005–CR–223.

Court of Appeals of Indiana,
First District.

Oct. 18, 1990.

Donald E. Snow, Greenfield, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

BAKER, Judge.

This appeal comes before us following defendant-appellant Earl Elliott's conviction for criminal recklessness with a deadly weapon, a Class D felony.[1] The dispositive issue for our review is whether, as a matter of law, Elliott's conduct created a "substantial risk of bodily injury" as that phrase is used in IND.CODE 35–42–2–2. We hold that it did not, and therefore reverse.

FACTS

The facts most favorable to the verdict reveal Elliott returned to his used car lot on the afternoon of August 22, 1989 after having had a full lunch with three beers. It was a warm, sunny day, and some of Elliott's employees were relaxing outside. Elliott shouted something to the effect of "Yahoo, let's party," walked to the edge of the lot, and fired five pistol shots into the air.

Elliott's lot is on the outskirts of Greenfield, Indiana, and when he fired his pistol,

---

**1.** IND.CODE 35–42–2–2.

he aimed it upwards at approximately a 10 degree angle towards adjacent uninhabited fields and woodlands. None of Elliott's employees was in his line of fire, no one was in the fields, and no evidence was introduced demonstrating the presence of anyone in the woodlands, though squirrel and rabbit hunters were known to hunt in both the fields and the woodlands.

## DECISION

Elliott's appeal is essentially a challenge to the sufficiency of the evidence to sustain his conviction. When reviewing such a challenge, we neither reweigh the evidence nor judge the credibility of witnesses. *Wallace v. State* (1990), Ind.App., 558 N.E.2d 864. Rather, we look only to the evidence most favorable to the verdict, together with all reasonable inferences flowing from that evidence, and we will reverse only if the verdict is not supported by substantial evidence of probative value. *Id.*

IND.CODE 35–42–2–2 provides in pertinent part:

(b) A person who recklessly, knowingly, or intentionally performs:

(1) an act that creates a substantial risk of bodily injury to another person;

. . . .

commits criminal recklessness, a Class B misdemeanor. However, the offense is a:

(2) Class D felony if it is committed while armed with a deadly weapon.

Conduct is reckless if a person "engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." IND.CODE 35–41–2–2(c).

In *Wallace, supra*, this court reversed the criminal recklessness conviction of a truck driver who changed lanes on a four lane highway without checking to see if there was any traffic in his path. Wallace's failure to check caused him to force an adjacent car off the road. Wallace was unaware of the car's presence, and we held "he could not be reckless with regard to a potential harm unknown to him." *Id.*, at 866.

The instant case presents us with the other side of the recklessness coin. Whereas Wallace's conduct was not reckless, it nonetheless created a substantial risk of bodily injury by forcing a car off the road. Here, however, while Elliott's conduct was reckless at best and deplorable at worst, it did not create a substantial risk of bodily injury to another person because there were no people in or near his line of fire.

IND.CODE 35–42–2–2 does not define "substantial", and we accordingly construe it in its plain, ordinary, and usual sense. IND.CODE 1–4–1–1. Something is substantial if it has "substance or actual existence." *Webster's Third New International Dictionary* 2280 (1966). In *Upp v. State* (1985), Ind.App., 473 N.E.2d 1030, the defendant fired several rounds near the feet of a trespasser. We held this conduct created a substantial risk of bodily injury. "[H]ad Upp missed his aim or had a bullet struck a stone and ricocheted, there was a substantial risk that [the trespasser] would have been hit." *Id.*, at 1032.

No such risk existed here. Elliott's employees were behind him, and the fields in front of him were empty. The State concedes Elliott's shots probably landed in the empty fields or woodlands, but nonetheless argues a hunter could have been in the woodlands, out of Elliott's sight. The State is correct, but its argument is mere conjecture, for which there was no evidence at trial. Since the evidence failed to show any person put in harm's way by Elliott's conduct, there was no substance to the risk created by the firing of the pistol; the risk had no actual existence. Instead, the presence of Elliott's employees behind him and the possibility of a concealed hunter in the woodlands presented only a remote risk of bodily injury.

Because the State failed to present any evidence of probative value that Elliott's conduct created a substantial risk of bodily injury, the judgment of the trial court is

reversed, and Elliott's conviction is vacated.

RATLIFF, C.J., and SULLIVAN, J., concur.