**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JOHN JOHNSON DANIEL,
  *Defendant-Appellant.*

No. 01-4135

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-00-175)

Submitted: July 31, 2001

Decided: August 27, 2001

Before MOTZ and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

John Johnson Daniel pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). He appeals the fifty-one month sentence he received, contending that the district court erred in finding that he used the firearm in connection with another felony offense and enhancing his sentence accordingly. *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2000). We affirm.

Daniel fired four rifle shots from the back porch of his home after he had an altercation with a neighbor, Hugh Gentry, who had told Daniel's companion that Daniel had spent the previous night with another woman. Gentry was not present, having gone home a few minutes earlier, after Daniel tried to hit him and threw a drink at him. Two neighbors reported seeing Daniel fire the gun. One said he was firing in the direction of Gentry's house. The other said Daniel's rifle was "angled into the air." The police discovered only one bullet hole in the awning over Daniel's porch and four shell casings on the floor. Daniel was charged in state court with wanton endangerment, but the charges were later dismissed.

The probation officer recommended a four-level enhancement under USSG § 2K2.1(b)(5) for use of the firearm in connection with another felony, that of wanton endangerment involving a firearm, in violation of West Virginia Code Ann. § 61-7-12 (Michie 2000).* Daniel objected that Gentry's house was not visible and was impossible for him to hit from his back porch. He further argued that shooting into the air from the porch did not rise to the level of wanton endan-

---

*The statute provides that, "[a]ny person who wantonly performs any act with a firearm which creates a substantial risk of death or serious bodily injury to another shall be guilty of a felony . . . ."

germent. However, the district court determined that the enhancment was warranted. The court found that firing a rifle in a densely populated residential area at 2:00 o'clock in the afternoon created a substantial risk of death or serious bodily injury to people in the area, whether or not Daniel was shooting at any particular person. Daniel appeals, contending that the district court erred in failing to distinguish between a possibility of harm and a substantial risk of harm.

The district court's determination that Daniel's conduct amounted to wanton endangerment under W. Va. Code Ann. § 61-7-12 is a legal one and is thus reviewed de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Because there is no case law interpreting the West Virginia statute, he relies on cases interpreting similar laws in other states for the principle that a "substantial" risk must be an actual risk, not merely a possible risk. *See, e.g.*, *Elliot v. State*, 560 N.E.2d 1266, 1267 (Ind. Ct. App. 1990) (reversing conviction for criminal recklessness where defendant fired five pistol shots over uninhabited fields and woodlands bordering his business when no one was in his line of fire or in adjacent field, and no evidence was presented that anyone was in the woods); *Boushehry v. State*, 648 N.E.2d 1174, 1177 (Ind. Ct. App. 1995) (reversing conviction for criminal recklessness where defendant induced another person to shoot at geese across a vacant lot in the direction of a public road but there was no evidence anyone was in or near the line of fire).

Daniel maintains that his conduct did not create a "substantial" risk of harm to others, although he may have created a possible risk, because no one was in or near his line of fire. The government responds that merely pointing or threatening the use of a firearm may constitute wanton endangerment and thus warrants the enhancement.

This case presents a close question. Accepting Daniel's contention that he shot into the air, the court found that Daniel's conduct was inherently dangerous and carried a substantial risk of death or injury. According to uncontested information in the presentence report, Daniel had stayed out drinking the night before and had continued drinking after he returned home. He was angry at Gentry, had just had an altercation with Gentry, and was firing his rifle to vent his anger. The fact that Daniel shot a hole in the awning over his own porch seems to evidence his intoxication and lack of forethought, as well as a lack

of concern over the consequences of his actions. We find that a gun being fired by a person in this condition presents a substantial risk of death or serious injury to his close neighbors. Therefore, we affirm the sentence. *See United States v. Swann*, 149 F.3d 271, 277 (4th Cir. 1998) (appeals court may affirm for any reason appearing on the record).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*