**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRIAN J. JOHNSON**
Danville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARION SPENCER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No.  32A01-1204-CR-137 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Karen M. Love, Judge
Cause No. 32D03-1107-CM-822

**October 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

<u>STATEMENT OF THE CASE</u>

Marion Spencer ("Spencer") appeals his conviction, following a bench trial, for class A misdemeanor criminal recklessness while using a vehicle.[1]

We affirm and remand.

<u>ISSUE</u>

1.     Whether sufficient evidence supports Spencer's conviction.

<u>FACTS</u>

On February 10, 2011, Spencer drove his wife, Kathy Spencer ("Kathy"), to a CVS store in Hendricks County. The two argued as they were sitting in their SUV and waiting in the pharmacy drive-thru lane. Kathy got out of the car to go inside the store, and Spencer "holler[ed] for [her] to get back in the truck." (Tr. 16). As Kathy walked on the sidewalk toward the front entrance of the CVS store, Spencer drove his SUV into a parking spot, over the cement parking barrier, and onto the sidewalk in front of Kathy. Spencer yelled at Kathy to get back in the car. As Kathy tried to continue to walk on the sidewalk in front of Spencer's car, Spencer pulled his car further forward over the parking barrier and onto the sidewalk. Kathy then turned around and walked the opposite direction on the sidewalk. Spencer then drove off and left Kathy at CVS. A Plainfield Police officer was later dispatched to the scene. Surveillance video from the CVS store captured the events of Spencer driving the SUV over the parking barrier and onto the sidewalk.

---

[1] Ind. Code §§ 35-42-2-2(b)(1),(c)(1).

The State charged Spencer with class A misdemeanor criminal recklessness while using a vehicle. On March 2, 2012, the trial court held a bench trial. During the trial, the State and Spencer stipulated to the admissibility of the surveillance video from the CVS store. The trial court found Spencer guilty as charged. That same day, the trial court imposed a 60-day sentence at the Hendricks County Jail, with 60 days suspended and 300 days of probation.[2]

## DECISION

Spencer argues that the evidence was insufficient to support his conviction for criminal recklessness while using a vehicle.[3]

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they

---

[2] When pronouncing Spencer's sentence, the trial court initially imposed a 365-day sentence at the Hendricks County Jail, with 365 days suspended and 365 days of probation. After a discussion regarding *Jennings v. State*, 956 N.E.2d 203 (Ind. Ct. App. 2011), *aff'd on reh'g*, *trans. granted*, the trial court decided to "modify the sentence at the request of the State to sixty (60) days, which [the trial court] suspend[ed]" and "place[d] him on probation for three hundred (300) days." (Tr. 97). While the trial court's Probation Order reflects this 60-day suspended sentence and 300 days of probation, *see* (App. 7), the trial court's Judgment of Conviction and chronological case summary ("CCS") do not. *See* (App. 5, 6). Instead, the Judgment of Conviction and CCS indicate that the trial court imposed a 365-day suspended sentence and 365 days of probation. We remand to the trial court to correct the Judgment of Conviction and CCS to accurately reflect the sentence imposed.

[3] The State did not file an Appellee's Brief in this appeal. Therefore, we apply a less stringent standard of review and may reverse if Spencer establishes prima facie error. *See Willis v. State*, 907 N.E.2d 541, 544 (Ind. Ct. App. 2009). Prima facie error is described as "error at first sight, on first appearance, or on the face of it." *Id.* (internal quotation marks and citation omitted). This rule is not applied for an appellant's benefit; instead, it relieves us of the burden of controverting the appellant's arguments. *Id.* "We are not relieved, however, of our obligation to properly decide the law as applied to the facts of the case." *Id.* at 544-45.

3

must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted).

A person commits Class A misdemeanor criminal recklessness if he recklessly, knowingly, or intentionally performs an act, by use of a vehicle, that creates a substantial risk of bodily injury to another person. Ind. Code §§ 35–42–2–2(b) & (c). To convict Spencer of criminal recklessness while using a vehicle as charged, the State was required to prove beyond a reasonable doubt that Spencer "recklessly perform[ed] an act with a vehicle that created a substantial risk of bodily injury" to Kathy by "dr[iving] [his] vehicle over [the] parking stall and onto the sidewalk attempting to use his vehicle to stop her from entering CVS pharmacy." (App. 10). "A person engages in conduct 'recklessly' if he engages in conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." I.C. § 35-41-2-2(c). Our Court has explained that, for the purposes of the criminal recklessness statute, a "substantial" risk is a risk that has "substance or actual existence." *Boushehry v. State*, 648 N.E.2d 1174, 1177 (Ind. Ct. App. 1995) (quoting *Elliot v. State*, 560 N.E.2d 1266, 1267 (Ind. Ct. App. 1990)), *reh'g denied*.

Spencer acknowledges that his act of driving over the parking barrier and onto the

4

sidewalk was reckless but contends that the evidence was insufficient to show that it created a *substantial* risk of bodily injury. Spencer contends that he did not create a substantial risk of bodily injury to Kathy because the surveillance video reveals that Kathy only stopped walking in reaction to Spencer driving over the parking barrier and into her path but she did not "appear to take any 'evasive' actions, such as jumping out of the way." Spencer's Br. at 7. In support of his argument, Spencer cites to *Elliot*, 560 N.E.2d 1266.

In *Elliot*, we reversed a defendant's conviction for criminal recklessness where the defendant, while in the presence of his employees, fired his gun five times toward "uninhabited fields and woodlands." *Elliot*, 560 N.E.2d at 1267. The evidence revealed that "[n]one of [the defendant's] employees was in his line of fire, no one was in the fields, and no evidence was introduced demonstrating the presence of anyone in the woodlands." *Id.* This Court concluded that the defendant's actions "did not create a substantial risk of bodily injury to another person because there were no people in or near his line of fire." *Id.*

Here, however, the evidence reveals that Kathy was in the path of Spencer's car. Indeed, Kathy was on the sidewalk in front of Spencer's SUV when he drove it over the parking barrier and onto the sidewalk, where he then yelled at her to get into the car. Additionally, the surveillance video shows that as Kathy thereafter attempted to walk forward on the sidewalk, Spencer drove his car forward an additional amount. Furthermore, during the trial, Kathy acknowledged that she was worried that Spencer might hit her. The evidence is sufficient to establish that Spencer's acts created a substantial risk of bodily injury. *See, e.g.*, *Beach v. State*, 512 N.E.2d 440, 445 (Ind. Ct. App. 1987) (affirming defendant's

5

conviction for criminal recklessness where defendant argued with a group of people in front of a house then drove his car on sidewalk in front of that house and "narrowly missed" pedestrian who was in his car's path), *reh'g denied*, *trans. denied.* Because there was probative evidence from which the trial court, as trier of fact, could have found Spencer guilty of class A misdemeanor criminal recklessness while using a vehicle, we affirm his conviction. We also remand for correction of the Judgment of Conviction and CCS.

Affirmed and remanded.

FRIEDLANDER, J., and BROWN, J., concur.