## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Justin McIntosh,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 16, 2015

Court of Appeals Case No.
49A05-1410-CR-459

Appeal from the Marion Superior
Court Criminal Division 15

The Honorable John Chavis, Judge

Cause No. 49F15-1401-FD-4104

**Friedlander, Judge.**

[1] Justin McIntosh was convicted of Pointing a Firearm and Criminal Recklessness,[1] both class D felonies. On appeal, McIntosh challenges his conviction for criminal recklessness,[2] presenting one issue for our review: did the State present sufficient evidence to support his conviction for criminal recklessness?

[2] We affirm.

[3] The facts favorable to the conviction are as follows. On December 25, 2012, Jonathon Harden and his girlfriend Jamie Walker arrived at their apartment complex around 11:00 p.m. As they pulled into the complex, McIntosh was driving directly in front of them. McIntosh came to a complete stop after driving over the last speed bump. Harden waited about twenty seconds before he drove around McIntosh and proceeded to his apartment building. As Harden and Walker were gathering their belongings, McIntosh drove up behind Harden's car "almost immediately" and squealed his tires. *Transcript* at 537. After parking next to Harden's car, McIntosh exited his car and stood two feet away from Harden, who had also exited his car. Both men engaged in a verbal

---

[1] Ind. Code Ann § 35-42-2-2(a),(b) (1) (A) (West, Westlaw 2012). Effective July 1, 2014 this offense has been reclassified as a Level 6 felony. Ind. Code Ann. § 35-42-2-2(a), (b) (1) (A). (West, Westlaw current with P.L. 1-2015 to P.L. 87-2015 of the 2015 First Regular Session of the 119th General Assembly, with effective dates through April 29, 2015). Because McIntosh committed this offense prior to that date, it retains its prior classification as a class B felony.

[2] On appeal, McIntosh does not challenge his conviction of Pointing a Firearm, a class D felony.

altercation for one to three minutes. McIntosh placed his fast-food bag on the ground, reached into his coat pocket, pulled out a gun, and pointed it at Harden's chest. Harden raised his hands up to his chest and said, "Don't shoot." *Id.* at 227. Harden then backed away from the gun and turned away from McIntosh. Walker, who was seated in the car, watched McIntosh pick up his fast-food bag, walk toward the apartment building, fire his gun straight into the air, and enter into the apartment building. Harden was in the process of dialing 911 when he heard the "pop" of the gun. *Id.* at 229.

[4] On February 3, 2014, the State charged McIntosh with, pointing a firearm (count I), and criminal recklessness (count II), both class D felonies. Count II was later amended to change the language of the charge from "inflicted serious bodily injury" to "created a substantial risk of bodily injury." *Appellant's Appendix* at 47, 50. Following a jury trial, McIntosh was convicted as charged.

[5] On appeal, McIntosh contends there is insufficient evidence to support his conviction for criminal recklessness. McIntosh argues that the State presented evidence only of a potential risk, rather than an actual, substantial risk of injury.

[6] When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Henley v. State*, 881 N.E.2d 639 (Ind. 2008). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id*. "(This court) will affirm unless no reasonable fact-finder could

have found the crime proven beyond a reasonable doubt." *Dumes v. State,* 23 N.E.3d 798, 801 (Ind. Ct. App. 2014).

[7] To convict McIntosh of criminal recklessness as charged, the State was required to prove that: (1) McIntosh, (2) recklessly, knowingly, or intentionally, (3) performed an act, (4) that created a substantial risk of personal injury to another person, (5) while armed with a deadly weapon. I.C. § 35-42-2-2 (a), (b) (1) (A). McIntosh challenges the element that he created a substantial risk of personal injury. What constitutes a "substantial" risk is not defined in I.C. § 35-42-2-2. Consequently, we construe the word in its plain, ordinary, and usual sense. *Young v. Hood's Gardens, Inc.*, 24 N.E.3d 421 (Ind. 2015). A substantial risk is a risk that has "substance or actual existence" rather than mere speculation. *Smith v. State*, 688 N.E.2d 1289, 1291 (Ind. Ct. App. 1997).

[8] McIntosh argues the State did not provide enough evidence to prove he created a substantial risk of injury, and for that reason there is insufficient evidence to sustain the criminal recklessness conviction. McIntosh directs us to *Elliot v. State*, 560 N.E.2d 1266 (Ind. Ct. App. 1990), where this court reversed the conviction of criminal recklessness when the defendant fired shots into a neighboring woodland that was also a common hunting area. This court held that Elliot's conduct did not create a substantial risk of bodily injury to another person because "there were no people in or near his line of fire." *Id.* at 1267.

[9] In contrast, McIntosh did not fire in an abandoned area; he fired his gun in a residential area. McIntosh disregarded the risk of injuring Harden, who was in

the parking lot, Walker, who was inside a parked vehicle, and the residents of International Village Apartments. To sustain his conviction, the State was required to show that McIntosh's acts created a substantial or actual risk of injury, rather than a speculative risk. *Smith v. State*, 688 N.E.2d 1289. Actual existence of a risk of injury was proven where the evidence showed that McIntosh purposefully fired one shot in the air while in a residential area, knowing that there was a risk of injury. The State presented sufficient evidence from which the jury could infer that McIntosh created a substantial risk of injury to Harden, Walker, and the residents of International Village.

Baker, J., and Najam, J., concur.