## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 20 2017, 7:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Geoffrey Quarles, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 20, 2017 <br><br> Court of Appeals Case No. <br> 49A02-1605-CR-1187 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Barbara Crawford, Judge <br><br> Trial Court Cause No. <br> 49G09-1505-F6-18176 |

**May, Judge.**

[1] Geoffrey Quarles challenges the sufficiency of evidence supporting his conviction for Level 6 felony criminal recklessness[1] and the sufficiency of evidence rebutting his claim of self-defense. We affirm.

## Facts and Procedural History

[2] On May 22, 2015, Quarles and his friend Darryl Hardy met at a bar to celebrate Hardy's birthday. Christian Canelas was working security for the bar. He was in the parking lot as the bar closed and was intervening between a couple who was arguing outside the bar.

[3] Quarles reached into his vehicle, pulled out a gun,[2] and fired in the direction of the bar. When Quarles discharged his weapon, Canelas was standing in the parking lot between Quarles and the bar. Canelas testified Quarles fired the gun "at a forty-five degree angle towards the club." (*Id.* at 59.) Prior to the shots being fired, Canelas had not heard any yelling or seen anyone approaching Quarles. After the shots, Quarles left the scene.

[4] The police were called and sent out a dispatch about the shooter. An officer observed Quarles driving erratically and pulled him over. He matched the description sent out by the police at the bar, and Canelas identified Quarles as the shooter. The State charged Quarles with Level 6 felony criminal

---

[1] Ind. Code § 35-42-2-2 (2014).

[2] It is undisputed that Quarles legally possessed the handgun and had a valid license to carry it.

recklessness. A jury found him guilty. The court entered Quarles' conviction "reduced to an A misdemeanor under Indiana's Alternate Misdemeanor Sentencing statute," (*id*. at 303), and sentenced Quarles to 365 days suspended to probation.

## Discussion and Decision

### *Sufficiency of Evidence*

[5] When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State,* 654 N.E.2d 736, 737 (Ind. 2007), *reh'g denied.* The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference reasonably may be drawn from it to support the verdict. *Id.* at 147.

[6] The definition of criminal recklessness provides "[a] person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness." Ind. Code § 35-42-2-2(a) (2014). The charging information stated:

On or about May 22, 2015, Geoffrey Quarles did recklessly with a deadly weapon, to wit: handgun, perform an act, to-wit: fire the handgun, that created a substantial risk of bodily injury to Christian Canelas;

All of which is contrary to statute and against the peace and dignity of the State of Indiana.

(App. Vol. II at 17.) Thus, to prove Quarles committed this offense, the State had to prove Quarles' use of his handgun put Canelas at substantial risk for bodily injury.

[7] Quarles admits he fired the handgun, but he asserts Canelas was not put in danger because he shot over the building, which was above Canelas' head.[3] The State argues Canelas was in danger because, although Quarles fired over Canelas' head, the bullets could have ricocheted off the building behind Canelas. We agree with the State.

[8] In support of his argument, Quarles points to *Elliot v. State*, 560 N.E.2d 1266 (Ind. Ct. App. 1990), and *Boushehry v. State*, 648 N.E.2d 1174 (Ind. Ct. App. 1995), *reh'g denied*. In *Elliot*, we reversed a conviction of criminal recklessness with a deadly weapon because the defendant had not created a substantial risk of bodily injury by firing over uninhabited fields and woods while all other people present were behind him. 560 N.E.2d at 1267-68. In *Boushehry*, we held

---

[3] Quarles notes that due to the way he was charged, the substantial risk of bodily injury had to be to Canelas and not the other patrons. We agree and address only whether the evidence was sufficient to demonstrate substantial risk of bodily injury to Canelas.

a defendant had not created a substantial risk of bodily injury to another when he shot geese in a field because no one else was "near the line of fire." 648 N.E.2d at 1177.

[9] Here, however, Quarles shot in Canelas' direction. While Quarles may have been aiming above the building, that does not negate the substantial risk he created by shooting in Canelas' direction. Although Quarles claims he was only trying to defuse the situation, he was firing in the direction of the bar and Canelas was between him and the bar. The State's evidence demonstrated a substantial risk of bodily injury to Canelas. *See Woods v. State*, 768 N.E.2d 1024, 1028 (Ind. Ct. App. 2002) (when firing "in close proximity" to people "it is not improbable that a bullet could have ricocheted and struck one of the nearby people").

### Rebuttal of Self-Defense Claim

[10] Quarles also asserts the State did not present sufficient evidence to rebut his claim of self-defense. "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2 (2013). To prevail on such a claim, a person "must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm." *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002).

[11] "When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements." *King v. State*, 61 N.E.3d 1275, 1283 (Ind. Ct. App. 2016). "The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief." *Id*.

[12] "The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim." *Wilson,* 770 N.E.2d at 801. Thus we do not reweigh the evidence or judge the credibility of the witnesses. *Id*. If the evidence is sufficient to support the trier of fact's conclusion, we will not reverse the verdict. *Id.*

[13] Quarles does not deny he shot the gun. However, he contends he was acting reasonably by firing "warning shots into the air when being threatened by an angry mob of patrons from the club." (Appellant's Br. at 14.) Quarles testified that a worker at the bar had gotten upset with him and incited other patrons to harm him. Quarles and Hardy both felt threatened by the patrons' behavior inside the bar, but they did not leave. At closing time, Hardy and Quarles both thought the patrons were approaching them outside the bar. Quarles stated he only fired the gun because he was trying to defuse the situation and he had no intention of shooting anyone. He also claimed he then left the scene because he feared for his life.

[14] To prevail on a claim of self-defense, Quarles must demonstrate both subjective and objective components of the reasonableness of his belief regarding his peril. *Huls v. State*, 971 N.E.2d 739, 745 (Ind. Ct. App. 2012), *trans. denied.* To have a reasonable belief as required by the Indiana self-defense statute, a defendant must demonstrate that he had a subjective belief that the force used was necessary to prevent serious bodily injury and that a reasonable person would have believed the force he used was necessary under the circumstances. *Littler v. State*, 871 N.E.2d 276, 279 (Ind. 2007).

[15] Quarles claims he was "intimidated" by the actions of the patrons inside the bar, (Tr. at 202), and when they started to approach him outside and shout threats, he did not drive off because he "didn't think [he] had a chance." (*Id.* at 216.) However, Hardy testified that he had urged Quarles to leave, but Quarles did not. Hardy also testified that, although he heard "screaming," "yelling," and "cussing," (*id*. at 242), from the other patrons, he never saw any weapons and he did not hear specific threats of attacking Quarles. Moreover, Canelas testified he did not hear any yelling regarding Quarles and he did not see anyone near Quarles. Thus, although Quarles introduced the claim of self-defense, the fact-finder was presented with evidence suggesting Quarles willingly participated or did not have a reasonable fear of death or great bodily harm. *See Gomez v. State*, 56 N.E.3d 697, 702 (Ind. Ct. App. 2016) (it is the fact-finder's purview to decide whether the force employed was reasonable and whether the "State disproved an element of [defendant's] defense" claim). The

fact-finder was not required to believe Quarles reasonably drew a handgun and shot it.

# Conclusion

[16] The State presented sufficient evidence to prove substantial risk of bodily injury to Canelas and to rebut Quarles' self-defense claim. Accordingly, we affirm.

[17] Affirmed.

Najam, J., and Bailey, J., concur.