## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2017, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Darrell Smith, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | January 31, 2017 <br><br> Court of Appeals Case No. <br> 49A02-1606-CR-1392 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Angela Dow-Davis, Judge <br><br> Trial Court Cause No. <br> 49G16-1509-F5-32055 |

**Baker, Judge.**

[1] Darrell Smith appeals his conviction for Level 5 Felony Criminal Recklessness,[1] arguing that the evidence is insufficient to support the conviction. Finding the evidence sufficient, we affirm.

## Facts

[2] In September 2015, Smith and Rebecca West had been living together for twenty years. Their Indianapolis home has a swing on the front porch and four-foot-tall shrubs lining the front and side of the porch. The swing was approximately three to four feet away from the shrubs at the front of the porch.

[3] On the evening of September 4, 2015, Smith, West, and two of their friends were gathered on the front porch. Smith had been drinking alcohol steadily for much of the evening. At some point, West went inside the house, and Smith followed her inside approximately ten minutes later. Smith, angry, asked West why she had not put the laundry in the truck. The two argued, with West eventually telling Smith that he could "get someone else to take him to the laundromat." Tr. p. 6.

[4] West then went outside and sat on the porch swing.[2] Ten minutes later, Smith came to the front doorway, standing partly inside and partly on the porch, about five feet from where West was sitting. He did not say anything to West. Smith produced a handgun and fired it at the shrub in front of the porch swing.

---

[1] Ind. Code § 35-42-2-2.

[2] At some point, their friends had left.

The gun made a loud sound and hurt West's ears "really bad." *Id.* at 14. Smith then went back inside the house, gathered his clothing, and went to the laundromat. West called the police and consented to a search of the residence; police eventually found the handgun inside a potato bin in the bottom drawer of a kitchen cabinet.

[5] On September 9, 2015, the State charged Smith with Level 5 felony criminal recklessness and Level 6 felony pointing a firearm. Smith's bench trial took place on March 16, 2016. The State dismissed the pointing a firearm charge and the trial court found Smith guilty of Level 5 felony criminal recklessness. On June 1, 2016, the trial court sentenced Smith to 1095 days, with 1027 days suspended and 365 days of probation. Smith now appeals.

## Discussion and Decision

[6] Smith's sole argument on appeal is that the evidence is insufficient to support the conviction. When reviewing a claim of insufficient evidence, we will consider only the evidence and reasonable inferences that support the conviction. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). We will affirm if, based on the evidence and inferences, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009).

[7] To convict Smith of Level 5 felony criminal recklessness, the State was required to prove beyond a reasonable doubt that he recklessly, knowingly, or intentionally performed an act that created a substantial risk of bodily injury to

another person by shooting a firearm into a place where people are likely to gather. I.C. § 35-42-2-2. Smith argues that the State failed to prove that his act created a substantial risk of bodily injury to another person or that he shot a firearm into a place where people are likely to gather.

[8] As for whether Smith's action created a substantial risk of bodily injury to another person, we must look to the proximity and presence of individuals that might have been harmed by the defendant's conduct to determine whether a substantial risk existed. *Smith v. State*, 688 N.E.2d 1289, 1291 (Ind. Ct. App. 1997) (finding evidence sufficient to support criminal recklessness conviction where defendant fired a gun six times in his back yard, shooting at an old car that was within fifty yards of other homes). The State need not prove that the defendant was aiming at a specific person because it is common knowledge that bullets do not always go exactly where the shooter intended and can change trajectory by ricocheting off of other objects. *See, e.g.*, *Upp v. State*, 473 N.E.2d 1030, 1031 (Ind. Ct. App. 1985) (finding substantial risk of bodily injury existed where the defendant fired multiple times at the ground in front of the victim's feet because "had Upp missed his aim or had a bullet struck a stone and ricocheted, there was a substantial risk that [the victim] would have been hit").

[9] Here, the record reveals that Smith, who had been steadily consuming alcohol during the evening, was standing approximately five feet from where West was sitting and fired a handgun at a shrub that was only three to four feet away from her. West could have easily been hit by the bullet if she had stood up from the swing at the time Smith fired the weapon or if Smith's aim was inaccurate;

moreover, the bullet could have ricocheted off of something on the porch or near the shrub and hit West. We find that a reasonable factfinder could have concluded based on this evidence that Smith's location and proximity to West during the discharge of the weapon created a substantial risk of bodily injury to West.

[10] Smith also contends that the evidence does not support a conclusion that he shot a firearm into a place where people are likely to gather. He focuses on the word "into," for although he admits firing the weapon while standing on his front porch, he insists that the fact that he fired at the shrub in front of the porch rather than into the porch itself means that the conviction cannot stand. We disagree. The record reveals that Smith was standing partially on the porch and partially inside the house when he fired at the shrub at the front of the porch. This location necessarily means that Smith shot "into" the porch—the bullet had to have followed a trajectory across the porch to have reached a point in front of it.

[11] Smith directs our attention to multiple cases, but we find them readily distinguishable. *Boushehry v. State*, 648 N.E.2d 1174, 1177 (Ind. Ct. App. 1995) (evidence insufficient where defendant fired gun across a vacant lot); *Elliott v. State*, 560 N.E.2d 1266, 1267 (Ind. Ct. App. 1990) (evidence insufficient where defendant fired pistol towards uninhabited fields and woodlands). Here, in contrast to either of those cases, Smith shot the handgun while standing at the back of an occupied front porch of an Indianapolis home in a residential neighborhood. A reasonable factfinder could have concluded based on this

evidence that Smith shot a firearm into a place where people are likely to gather. We find the evidence sufficient to support the conviction.

[12] The judgment of the trial court is affirmed.

Mathias, J., and Pyle, J., concur.