# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 18 2019, 10:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Domeneque Williams, | December 18, 2019 |
| *Appellant-Defendant,* | Court of Appeals Case No. 19A-CR-1295 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Stanley Kroh, Magistrate |
| *Appellee-Plaintiff* | Trial Court Cause No. 49G03-1803-F5-8574 |

**Crone, Judge.**

# Case Summary

Domeneque Williams appeals his conviction for level 6 felony criminal recklessness. The sole issue presented for our review is whether the State presented sufficient evidence to support Williams's conviction and to rebut his claim of self-defense. Finding the evidence sufficient, we affirm.

# Facts and Procedural History

On March 8, 2018, Williams and his girlfriend, Sariyah Stephens, were at Stephens's Indianapolis apartment where they argued and were involved in a "tussl[e]." Tr. Vol. 2 at 149. When Stephens's brother, John Buchanan, and his girlfriend, Daeja Pinkins, later arrived at the apartment, Buchanan noticed that his sister was crying and had scratches on her. After Williams left the apartment, Stephens told Buchanan that she and Williams had gotten into a fight. Buchanan was mad that Williams "put his hands on" his sister, so he went looking for Williams and located him outside the apartment. *Id.* The two men got "right in each other[']s face" and Buchanan twice asked Williams to fight. *Id.* Williams refused to fight, and neither man touched the other.

At some point during this verbal altercation, Williams stepped back, pulled out a handgun, and cocked it behind his back. Stephens and Pinkins had come outside and tried to calm the men down. Buchanan, Stephens, and Pinkins began walking down a stairway, with Williams following behind them. Buchanan and Williams continued to exchange words. Buchanan said, "Bro, you just pulled a gun out on me," and, "Well you should have used it if you

pulled it out, you should have used it, that's what you got your gun for." *Id.* at 151. Williams replied, "Well, I will use [my gun]." *Id.* Williams then fired two shots into the air and left the apartment complex. Buchanan went back to Stephens's apartment and called the police. Police found two 9-millimeter shell casings in the parking lot of the apartment complex.

[4] The State charged Williams with level 5 felony intimidation, level 6 felony strangulation, level 6 felony domestic battery, level 6 felony pointing a firearm, level 6 felony criminal recklessness, class A misdemeanor domestic battery, class A misdemeanor battery, and class A misdemeanor theft. Following a jury trial, the jury found Williams guilty of level 6 felony criminal recklessness and not guilty on the other counts. The trial court sentenced him to 545 days, with 365 days of community service and 180 days of probation. This appeal ensued.

## Discussion and Decision

## Section 1 – The State presented sufficient evidence that Williams created a substantial risk of bodily injury to another person.

[5] Williams first challenges the sufficiency of the evidence to support his conviction. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We look to the evidence and reasonable inferences drawn therefrom that support the conviction, and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.* In short, if the testimony believed by the

trier of fact is enough to support the conviction, then the reviewing court will not disturb it. *Id*. at 500.

[6] To prove level 6 felony criminal recklessness, the State was required to prove that, while armed with a deadly weapon, Williams recklessly, knowingly, or intentionally performed an act that created a substantial risk of bodily injury to another person. Ind. Code § 35-42-2-2(b)(1)(A). Williams challenges solely the State's proof as to whether his actions creates a "substantial risk of bodily injury to another person." *Id*.

[7] Williams concedes that he pulled out a handgun and "shot twice into the air while in an apartment building parking lot." Appellant's Br. at 8. He further concedes that the evidence demonstrated that there were at least a few individuals in the vicinity, as well as five vehicles parked in the lot. Still, he claims that the risk of bodily injury to another person here was "insubstantial." *Id*. We disagree.

[8] Williams likens his case to *Elliott v. State*, 560 N.E.2d 1266 (Ind. Ct. App. 1990). In *Elliott*, another panel of this Court determined that the defendant's celebratory act of firing shots "upwards at approximately a 10 degree angle" toward uninhabited fields and woodlands adjacent to the edge of his used car lot located "on the outskirts of Greenfield" did not create a substantial risk of bodily injury to another person because the evidence demonstrated that "there were no people in or near his line of fire." *Id*. at 1267. In contrast, the evidence here demonstrated that several people were in or near Williams's line of fire.

Unlike in *Elliott*, Williams did not simply fire shots in the direction of an undisputedly uninhabited area; he fired shots up in the air while Buchanan, Pinkins, and Stephens were all nearby. A reasonable juror could infer that any one of the bullets could have come down and struck one of those individuals, or easily ricocheted off one of the parked vehicles or the two-story apartment building and struck one of those individuals. Indeed, officers found two shell casings in the parking lot next to vehicles. This evidence is sufficient to support a conclusion that Williams's behavior created a substantial risk of bodily injury to another person. *See Woods v. State*, 768 N.E.2d 1024, 1028 (Ind. Ct. App. 2002) (finding sufficient evidence of substantial risk of injury to others because shots were fired in residential area and not improbable that bullet could have ricocheted and struck nearby people). The State presented sufficient evidence to support Williams's conviction for level 6 felony criminal recklessness.

## Section 2 – The State presented sufficient evidence to rebut Williams's self-defense claim.

Williams maintains that, even assuming the State presented sufficient evidence to support his conviction, the conviction cannot stand because the State failed to rebut his self-defense claim. The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency claim. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id.*

[10] Self-defense is a legal justification for an otherwise criminal act. *Bryant v. State*, 984 N.E.2d 240, 250 (Ind. Ct. App. 2013), *trans. denied*. Indiana Code Section 35-41-3-2(c) provides that "[a] person is justified in using reasonable force against any other person to protect the person … from what the person reasonably believes to be the imminent use of unlawful force." To prevail on his self-defense claim, Williams was required to show that he: "(1) was in a place where he had a right to be; (2) acted without fault; and (3) was in reasonable fear o[r] apprehension of bodily harm." *Richardson v. State*, 79 N.E.3d 958, 964 (Ind. Ct. App. 2017), *trans. denied*. Moreover, the amount of force used by the defendant must be proportionate to the urgency of the situation. *Weedman v. State*, 21 N.E.3d 873, 892 (Ind. Ct. App. 2014), *trans. denied* (2015). Thus, when a person has used more force than necessary to repel an attack, the right to self-defense is extinguished, and the victim becomes the perpetrator. *Hollowell v. State*, 707 N.E.2d 1014, 1021 (Ind. Ct. App. 1999).

[11] When a claim of self-defense finds support in the evidence, the State bears the burden of negating at least one of the necessary elements. *Id*. The State may meet its burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by relying on the sufficiency of the case-in chief. *Quinn v. State*, 126 N.E.3d 924, 927 (Ind. Ct. App. 2019). If a defendant is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated beyond a reasonable doubt. *Hollowell*, 707 N.E.2d at 1021.

[12] Here, the record indicates that although Buchanan had initially asked Williams to fight, the two men never touched each other and simply engaged in a verbal altercation. Indeed, the record indicates that the situation had deescalated and that, at the time Williams fired the shots, Buchanan was walking away from Williams. Under the circumstances, the jury could reasonably conclude that Williams was not in reasonable fear or apprehension of bodily harm and/or that Williams's use of force was disproportionate to the urgency of the situation. The State presented sufficient evidence to negate Williams's self-defense claim beyond a reasonable doubt. Williams's level 6 felony criminal recklessness conviction is affirmed.

[13] Affirmed.

May, J., and Pyle, J., concur.